## HIGBEE & RIGGS *vs.* THE CAMDEN AND AMBOY RAILROAD COMPANY.

1. An individual cannot maintain a suit to restrain a nuisance, which injures him only in rights enjoyed by him as one of the public. In such case, an information must be be filed for the public, in the name of the Attorney General, on behalf of the state. And it makes no difference as to the remedy, that the individual would be much more inconvenienced by the nuisance, than most others.

2. But where the injury complained of is the building of a railroad station in the street, in front of complainant's property, and he owns the soil in the street upon which it is built, the injury is to his individual rights and not as part of the public, and the suit must be brought in his own name

3. The owner of lands bounding on a street or highway is presumed to own the fee to the centre of the street. Such presumption arises from the lots being bounded on the street, and not that any particular deed so conveyed it.

4. To dissolve an injunction, the denial of the answer must be of facts within the knowledge of the party denying under oath. But when the answer is by a corporation, and the fact one not alleged to be, and which, from its nature, could hardly be within the knowledge of the person making oath, or of the corporation, it is immaterial whether the denial of the corporation, under seal, is equivalent to a denial under oath, for the purpose of dissolving injunction.

On motion to dissolve injunction.

*Mr. J. P. Stockton* and *Mr. P. D. Vroom*, in support of the motion.

*Mr. J. Wilson*, contra.

THE CHANCELLOR.

The complainants own a lot of land in the city of Burlington, one part of which fronts on Broad street. This lot has no buildings on it fronting on Broad street, except a stable; and in the description set out in the bill, taken from the deed conveying it to the complainants, it is described as running to a "corner on Broad street, thence easterly, along Broad street, to the corner of the Surveyor General's office, that is, the extreme northwest corner of the building," and the lot is alleged to front on Broad street.

The defendants, for more than thirty years, have had the track of their railroad in Broad street in front of the lot; and about two hundred feet further east, have for years had a platform for passengers in the street beside the track, which was a stopping place for their trains in the city of Burlington. This platform was in front of the City Hotel, at which were the depot and ticket office, and no part of it was in front of the land of the complainants. Broad street is seventy-five feet wide; the track was in the middle of the

street, and the platform about ten feet wide, adjoining it on the south side.

In March, 1868, by an ordinance passed by them, and a lease executed in pursuance of it, the common council leased to the defendants, for seventy-five years, so much of the street as might be necessary for an additional track along Broad street, and a platform and building to be erected by them upon Broad street, for the accommodation of the citizens and of travelers, to commence at the west side of High street, and to extend westward for a distance not to exceed four hundred and fifty feet. The building was to be only one story high, and to be used as a passenger depot; the whole platform was to be covered with a neat roof, and the defendants to have permission to enclose it with a fence to protect it from trespassers. A passage of twenty-seven feet was to be kept clear between the track and north curbstone, and one of twelve feet between the building or platform and south curbstone.

This lease was accepted by the defendants, and they intend to erect a building and platform by virtue of it. The building to be used as a depot will not be in front of the complainants' lot, but will be thirty-nine feet from the nearest corner of it, and it is only between this building and the south curbstone, that the passage will be restricted to twelve feet. But it is intended to erect a platform ten feet wide, along the track on part of the complainants' lot, which will be on the south side of the centre of Broad street, and twenty-four feet distant from the south curbstone, and will leave a clear passage for carriages of that width.

The complainants place their right to relief on the grounds; first, that the proposed erections in the public street are illegal, and a nuisance which the city council have no power to authorize, and that they are injured by it in a manner different from the rest of the public; and, secondly, that the defendants are taking their property, the land in the street, without compensation.

An individual cannot maintain a suit to restrain a nuisance, which injures him only in rights enjoyed by him as one of

the public. In such case, an information must be filed for the public, in the name of the Attorney General, on behalf of the state. If the complainants own the soil to the middle of the street in front of their land, the injury to that is to the rights of the complainants as individuals, and not as part of the public, and this suit is the proper form of remedy. But on all other parts of the street their only right is in common with the rest of the public; they, like all other citizens, have the right to pass over the public street, and the injury to them in being prevented from it is suffered by the rest of the public, and it makes no difference as to the remedy, that they would probably have more occasion to use this part of the road than most others would. The injury still consists in their being deprived of the enjoyment of a common public right, which is not their private property.

They are not deprived of access to their lands, which would be an injury peculiar to them. They are not deprived of any easement or right which they are entitled to as owners of this property. The loss of light, air, or open prospect over lands not in front of their lot, is no privation of a right. If the street were vacated, the owner of the land could erect any building he might choose, on the same spot, without infringing their rights of property. For any erection proposed on that part of the street not in front of the complainants' lands, they cannot have relief in this suit, whether it be lawful or unlawful. It is therefore not necessary to examine the question whether the common council have not exceeded their municipal powers, and whether the legislature have granted to them the power to permit the defendants to occupy part of the highway with a platform and depot.

The injunction, if maintained, must be as to the part of the street in front of the complainants' lot. Erecting a platform or depot for passengers, is clearly a taking of the property occupied, and taking it for another and different purpose from that for which it was taken when a highway or street was laid out over it. The use proposed is entirely inconsistent with the use of it as a highway for pedestrians, horses, or carriages.

The only real question in the case is, whether it sufficiently appears that the complainants own the soil to the middle of the street. It is a well settled rule of law, that the owner of lands bounding on a street or highway is presumed to own the land to the centre of the street. This presumption is not a necessary one; it may be rebutted. Here it is clearly shown, and admitted by the answer, that the complainants own a lot bounded on the street. The terms of the deed, so far as set out, do not rebut this presumption; for even if there is any doubt whether they might grant it as against the grantor, yet nothing appears to show that it may not have been acquired by some other terms in the deed, or by some other conveyance. The presumption is, that the lot, being bounded on the street, extends to the middle of the street; not that any particular deed so conveyed it.

Nor is the denial in the answer, or in the affidavit of the engineer attached to the answer, sufficient to rebut this presumption. It is not necessary to discuss the question whether the denial of a corporation, in its answer under seal, is equivalent to a denial under oath, for the purpose of dissolving the injunction. The fact set up is one not alleged to be in the knowledge of the members of the corporation or of the engineer; and from its nature, could hardly be within the knowledge of either. And in all cases, the denial in an answer will not be sufficient to dissolve an injunction, unless the fact be within the knowledge of the person denying under oath.

The citations from the grants and concessions of the proprietors, in *Leaming & Spicer*, do not affect the question. They granted lands for roads, and authorized the survey of Burlington; but it no where appears that Broad street was granted by them, or laid out under their authority. For aught that appears, it may have been laid out under the road acts since 1776.

As the case stands, I must take it as established that the complainants own the soil to the centre of the street in front of their lands, and to that extent the injunction must be retained; and as to the residue, it must be dissolved.