## THOMAS D. RYERSON v. THE MORRIS CANAL AND BANKING COMPANY.

Submitted March 19, 1903—Decided June 8, 1903.

1. The declaration avers that, by reason of plaintiff's occupancy of three farms, situate at different places upon a certain public highway, it was necessary for him, from time to time, to cart farm produce and other things used in husbandry back and forth from farm to farm; that the highway formed the only feasible means of travel for the purpose, except a long, steep and circuitous passage, the use of which was so expensive as to be impracticable; that the defendant company, by its charter, was bound to keep and maintain in repair a bridge in the road between farm No. 1 and the other two farms, and that the defendant failed and neglected to keep the bridge in repair, and permitted it to be so much out of repair as to become unsafe and unavailable for use, whereby the plaintiff was hindered from passage along the highway from farm No. 1 to the other two farms, and was put to actual pecuniary expense in carting farm products, &c., from farm to farm over the long, steep and circuitous passage aforesaid.

2. On demurrer—*Held* (following *Mehrhof* v. *Delaware, Lackawanna and Western Railroad Co.*, 26 *Vroom* 56), that the declaration shows such a special and particular damage to the plaintiff as to sustain his private action.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, HENDRICKSON and PITNEY.

For the plaintiff, *John B. Humphreys* and *De Witt C. Bolton.*

For the defendant, *Corbin & Corbin.*

The opinion of the court was delivered by

PITNEY, J. The declaration avers that the plaintiff was lawfully possessed of three farms, situate in Wayne township, in the county of Passaic. Farm No. 1 contains a dwellinghouse, barn and outhouses; farm No. 2 is distant about three

hundred yards westerly from farm No. 1, and contains no buildings; farm No. 3 is distant about three-quarters of a mile westerly from farm No. 2, and contains no buildings; that the three farms are contiguous to a certain public road or highway that forms the only feasible means of travel from farm No. 1 to each of the other two farms, except a long, steep and circuitous passage, the use of which is so expensive as to be impracticable; that the three farms were cultivated by the plaintiff, and that it was necessary for him, from time to time, to cart the farm products from farms Nos. 2 and 3 to the buildings upon farm No. 1, and to cart manure from farm No. 1 to the other two farms; that the Morris canal intersects the highway between farm No. 1 and farm No. 2, and that, under its charter, the defendant company was bound to keep and maintain in proper repair a bridge across the canal, so as to prevent any inconvenience to the plaintiff in the use of the highway. The declaration then avers that the defendant failed and neglected to keep the bridge in proper repair, and permitted it to be so much out of repair as to become unsafe and unavailable for use, whereby the plaintiff was hindered from passage along the highway over and across the canal, and was put to expense in carting farm products from farms Nos. 2 and 3 to farm No. 1, and in carting manure from farm No. 1 to the other farms, over the long, steep and circuitous passage aforesaid.

It will be observed that the default with which the defendant is charged amounts to a common nuisance. The demurrer raises the question whether the plaintiff is entitled to maintain a private action to recover the damage accruing to him therefrom.

In order to maintain an action for obstructing a public way the plaintiff must have sustained some special damage peculiar to himself beyond that suffered by the rest of the public who are entitled to use the way. It is sometimes said to be necessary that the plaintiff's injury should be, not only greater in amount, but different in kind from that suffered by citizens in general.

Where there is a ditch in the road or an obstruction across

it, and a traveler suffers an injury to himself or to his horse by falling into the ditch or striking the obstruction, it is clear that there is such a particular damage as to sustain a private action. *Temperance Hall Association* v. *Giles,* 4 *Vroom* 260; *Driscoll* v. *Carlin,* 21 *Id.* 28; *Hart* v. *Freeholders of Union,* 28 *Id.* 90. And where the defendant dug a ditch in and along a lane that formed a public highway, the ditch extending around and about the plaintiff's lot and in front of his house and barn, so that access to them with the plaintiff's horses and wagons became very inconvenient and hazardous, to his damage, this court held that this was such a special injury as to entitle him to maintain an action. *Runyon* v. *Bordine,* 2 *Gr.* 472. There the damage accrued to the plaintiff, chiefly, if not wholly, by reason of his ownership of property abutting upon that portion of the highway where the public nuisance existed.

Viewing the present plaintiff simply as a property owner, it would seem that his possession of each of the three farms must be treated as separate and distinct from his possession of the others. Dealing with either farm alone, the damage to the plaintiff is, perhaps, too remote to form the basis of a private action.

In *Wilkes* v. *Hungerford Market Co., 2 Bing. (N. S.)* 281, where the plaintiff, who had a shop by the side of a public thoroughfare, suffered a loss of business in consequence of passengers having been diverted from the thoroughfare by the unauthorized continuance of an obstruction across it, it was held that this was a damage sufficiently of a private nature to form the subject of an action. But this case was substantially overruled by the decision of the House of Lords in *Ricket* v. *Metropolitan Railway Co.* (1867), *L. R., 2 H. L.* 175; 1 *Eng. Rul. Cas.* 573, 587; affirming *S. C., 5 B. & S.* 156; 34 *L. J. Q. B.* 237; since which case the English courts have adhered to a limitation of the rule with respect to landowners that confines the right to maintain a private action practically to the owners of property adjacent to the nuisance. *Benjamin* v. *Storr, L. R., 9 C. P.* 400; 19 *Eng. Rul. Cas.* 263.

But the present declaration exhibits the plaintiff in the

capacity of a member of the public entitled to use the obstructed highway, who, by reason of special circumstances, had need to use it more frequently than others, and who sustained actual pecuniary loss because of being compelled to take a roundabout route in order to avoid the obstruction. This court has sustained the right of private action in a case legally indistinguishable from the present. *Mehrhof* v. *Delaware, Lackawanna and Western Railroad Co., 22 Vroom* 56. There the plaintiffs were operating a brickyard upon the bank of a navigable river, and the defendant unlawfully obstructed the river, whereby the boats of the plaintiffs, provided for transporting their bricks to market, were prevented, for a long period of time, from passing down the river, during which time the plaintiffs bore the expense of their keep, together with the loss of the sale of a large quantity of their bricks. This court upheld the right of recovery, not at all upon the ground of any injury done to the brickyard, or to the plaintiffs as owners thereof, but solely because their right to dispose of their bricks had been impaired, and because the plaintiffs were specially damaged by the loss of the use of their boats, which were shut off from the channels of trade, their expense in victualling them, and the loss of trade and profit. This decision was rested upon the English cases of *Iveson* v. *Moore,* 1 *Ld. Raym.* 486; *Rose* v. *Miles,* 4 *Mau. & Sel.* 101; *Hart* v. *Basset,* *T. Jones* 156, and *Chichester* v. *Lethbridge, Willis* 71. These and some other decisions in the English courts (*Maynell* v. *Saltmarsh,* 1 *Keb.* 847; *Greasly* v. *Codling,* 2 *Bing.* 263, &c.) fully sustain the present action; and are not overruled by *Rickel* v. *Metropolitan Railway Co., ubi supra,* as will appear from *Winterbottom* v. *Lord Derby, L. R.,* 2 *Ex.* 316, a case involving the rights of a mere traveler, decided shortly after the Ricket case. In Winterbottom *v.* Lord Derby the authority of Iveson *v.* Moore and other cases of the same class was fully recognized, but liability was denied on the ground that the plaintiff had shown no pecuniary damage, but only personal inconvenience, arising from the obstruction of the highway.

The decision in Mehrhof *v.* Delaware, Lackawanna and

Western Railroad Co. being deemed a controlling authority, it is unnecessary to discuss the cases cited by demurrant from the courts of Massachusetts and other states.

The case having been submitted upon printed arguments, and counsel for demurrant having addressed themselves solely to the question whether the declaration shows such a special and peculiar damage to the plaintiff as to entitle him to maintain a private action, we have considered no other question. We therefore pass no judgment upon the question whether the declaration shows a legal duty on the part of the defendant to erect, maintain and repair the bridge in question.

The demurrer will be overruled.