MASON YOUNG ET AL. v. PENNSYLVANIA RAILROAD COMPANY.

Argued June 9, 1904—Decided December 2, 1905.

1. When one maps his land, delineates streets thereon and conveys lots by reference thereto, the question whether he reserves a private easement of way in the soil of a street depends upon the language of the deed by which he conveys the same, read in the light of the *circumstances attending its execution.*
2. At the time of the conveyance by the plaintiffs to the defendant an ejectment suit was pending to oust the defendant from a portion of the land conveyed and from the southerly half of the avenue on which it abutted, upon which the plaintiff claimed the defendant had encroached by laying tracks thereon. The conveyance was made in settlement of the suit for a valuable consideration paid by the defendant. The map upon which the avenue was delineated had been filed nearly fifty years and numerous conveyances had been made with reference thereto. *Held,* that a reference in the deed to the avenue as a boundary was not sufficient to reserve a private easement of way in the soil of the avenue.

On rule to show cause.

The plaintiffs own lots in the town of Harrison, on Seventh street, Middlesex street, Somerset street, Hunterdon street and Burlington street, as those streets are delineated on maps of a large tract of land, which were made in 1836 and thereafter, by the predecessors in title of the plaintiffs and the then owners of the land. Conveyances were made by reference to these maps, but the streets have not been actually opened or worked; New Jersey Railroad avenue, at least, is

not proved to have been used, either as a public street or a private way, and no steps have been taken by the municipal authorities to accept the dedication of the streets, except so far as ordinances vacating portions of the streets may indicate an acceptance.

In 1839, a strip of land sixty-six feet in width and extending across the entire width of the tract, from east to west, was conveyed in fee-simple, by plaintiffs' predecessors in title, to the New Jersey Railroad and Transportation Company, afterward the United New Jersey Railroad and Canal Company, of which the defendant is lessee. This strip of land crossed all the streets in question in this suit except New Jersey Railroad avenue, and followed the line of that avenue and within its bounds. The deed conveyed the land together with the ways and appurtenances.

In 1901, an agreement for the elevation of the railroad tracks was made between the town of Harrison and the defendant company. For the obstruction of the streets caused by the execution of this work, this action was brought. Different counts in the declaration present the question of the obstruction as of public streets and as of private ways.

The trial judge held that the deed of 1839, by conveying an absolute fee without reservation, did away with the effect of any dedication of the land conveyed, and that the plaintiffs' action failed as far as it depended on private ways in the cross streets; that the action could not be sustained by reason of any public right in those streets because there was no evidence that the dedication had been accepted by the public.

There was evidence of a later dedication of a crossing at Sixth street by the railroad company itself, and the judge submitted to the jury the question whether a public right of crossing had been acquired at this point, and, if so, whether it had been obstructed.

The railroad had been actually laid upon the strip deeded to the company in 1839 and followed the line of New Jersey Railroad avenue. The northerly half of the avenue was vacated by the municipal authorities, by ordinance, in 1891, and the portion on the southeasterly side of the railroad right

of way by ordinance in 1895. The trial judge held that a private right of way in that street was created by the acts of the landowners in filing maps and making conveyances by reference thereto, and he left it to the jury to find whether that way was obstructed.

The doubt in this respect arose from the difficulty of locating the street upon the ground. A question had arisen, prior to 1885, between the plaintiffs and the railroad company, which led to a suit in ejectment in that year for certain land on the southerly side of the avenue, and for the south half of the avenue itself at the point in question. The controversy was settled and on August 12th, 1885, the plaintiffs conveyed to the United New Jersey Railroad and Canal Company, the defendant's lessor, four tracts of land south of the avenue for $7,000. Three of these tracts abutted on the avenue.

The jury found that both Sixth street and New Jersey Railroad avenue had been obstructed, and rendered a verdict for the plaintiffs.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the plaintiffs, *Edward A. & William T. Day.*

For the defendant, *Vredenburgh, Wall & Van Winkle.*

The opinion of the court was delivered by

SWAYZE, J. We agree with the learned trial judge that the effect of the deed of 1839 was to cut off any right the plaintiffs might otherwise have had to cross the land thereby conveyed.

We assume that the railroad company had dedicated a crossing at Sixth street; that that street, as well as New Jersey Railroad avenue, have been obstructed by the defendant, and that the plaintiffs' rights in the latter have not been barred by adverse possession. These facts must have been found by the jury to justify their verdict, and we do not think it necessary to review the evidence.

The only questions we have found it necessary to determine are (1) whether the plaintiffs have shown any right to maintain an action by reason of the obstruction of the crossing at Sixth street; (2) whether the plaintiffs have a private right of way in New Jersey Railroad avenue.

1. The first question is settled adversely to the plaintiffs. *H. B. Anthony Shoe Co.* v. *West Jersey Railroad Co.,* 12 *Dick. Ch. Rep.* 607.

It was there held that the injury sustained by the owner of land immediately abutting upon a public highway from an obstruction of the street was not different in character from that which every other citizen sustains. *A fortiori,* the injury sustained by those who are not abutting owners, as in the present case, is not different in character from that of the public, and cannot be redressed by a private action for damages.

2. We think there was error in holding that the plaintiffs had a private right of way in New Jersey Railroad avenue. The fee-simple of the land, prior to the deed of 1885, had been in the plaintiffs and their predecessors in title, and an easement of way in favor of their other land would have no legal existence during the continuance of the unity of seisin of both tracts. *Fetters* v. *Humphreys,* 4 *C. E. Gr.* 471, 476.

The reasons which have led the courts to hold that the grantees of lots shown on a map are entitled to an easement in the streets delineated thereon as distinguished from the public right arising from the dedication, are not applicable to the owners of the fee. The right of the grantees rests either upon an implied covenant or upon the principle of estoppel. *Clark* v. *Elizabeth,* 11 *Vroom* 172, 175.

But neither the theory of an implied covenant nor the principle of estoppel are applicable where the owner of the dominant and servient tenements are the same person. Until the severance of the title in 1885, the easement could have no existence

The deed of 1885 conveyed lots bounded on the street, and by legal presumption embraced the street to its centre. *Salter* v. *Jonas,* 10 *Vroom* 469.

Although an easement would not arise either by implied covenant or by estoppel, it might be created by the express words of the deed, or perhaps implied from the situation of the property and the circumstance attending the conveyance.

An easement of way is not an apparent and continuous easement and does not pass upon the severance of the tenement, unless it is a way of necessity or the operative words of the conveyance are sufficient to grant it *de novo.* *Fetters* v. *Humphreys,* 4 *C. E. Gr.* 471.

The exception of a way of necessity has no application to the present case. At the time of the conveyance to the railroad company, in 1885, the plaintiffs had access to their property by several other streets, which were not vacated until 1888, and then seemingly with the consent of the plaintiffs and upon a sale of a portion of their land to a steel company for a purpose which rendered such vacation necessary. No use seems to have been made by them at any time of New Jersey Railroad avenue.

The other exception mentioned in *Fetters* v. *Humphreys* is the case where the words of the conveyance are sufficient to grant the easement *de novo.*

Although the opinion refers only to cases of grant, the same rule is applicable to a reservation.. In *Booraem* v. *North Hudson County Railroad Co.,* 13 *Stew. Eq.* 557, the way was held to have been reserved in favor of the grantor, and in *White* v. *Tidewater Oil Co.,* 5 *Dick. Ch. Rep.* 1, it was necessary to the decision to hold that the complainant not only acquired a right in the portion of the street conveyed to him, but also reserved a right in the portion conveyed by him.

The solution of this question depends upon the language of the deed. In the Booraem case there were express words in the deed which operated as a dedication of the street in favor of the grantor; the land was conveyed subject to the easement of Ogden avenue, and these words were added: "It being understood that Ogden avenue is extended for the same width across said premises and dedicated as a public highway."

In White v. Tidewater Oil Company the question arose upon demurrer to a bill which charged that the purpose of

the conveyances was to square the boundary lines of the properties of the respective parties to them with the street in order that the lands might be utilized in connection with the street as an approach to them, and that the lands owned by the complainants had no outlet except through the street. The Chancellor said that the complainants' right must come by grant or reservation expressed in the deeds, or necessarily implied from their terms and language when read in the light of the situation of the lands affected by them, and the parties to them at the time when they were made. The circumstances of that case and the charges of the bill, which were admitted by the demurrer, led to the inference that the parties intended to reserve rights of passage in the land described as a street. The other cases to which we were referred by counsel are cases in which the grantees claimed rights by reason of the dedication and are not applicable to the present case, where the claim is of a reservation by the grantor.

The deed of 1885 is to be read in view of the situation of the lands and the parties at the time it was made. *Cooper* v. *Louanstein,* 10 *Stew. Eq.* 284, 301. An ejectment suit was pending, the object of which was to oust the railroad company from the possession of a portion of the land conveyed and the southerly half of the avenue on which it abutted. The plaintiffs claimed that the railroad company had encroached upon the avenue and upon the abutting lands of the plaintiffs by laying tracks thereon. In settlement of this suit the railroad company paid $7,000 and took a conveyance of the land in question, and something more. The very object of the conveyance seems to have been to relieve the railroad company from liability to action by reason of its occupation of the avenue. Under such circumstances it requires clear language in the deed to lead to a construction which would reserve a right of way to the grantors in favor of lots on other streets to which there were at the time other and more direct means of access. The only language relied upon is the reference to New Jersey Railroad avenue as a boundary. This reference, however, indicates that the parties regarded it as a public street rather than as a private way.

.The map had been filed nearly fifty years before, numerous conveyances had been made with reference thereto, and although there is no proof of acceptance of the dedication by the public authorities, the plaintiffs may well have regarded the avenue as a public street. Within a few years thereafter it was so treated by the municipal authorities, who vacated a portion in 1891 and the rest in 1895.

We think the reference in the deed merely recognizes New Jersey Railroad avenue as an existing public street, and was not meant to work a reservation of a private right on the part of the plaintiffs. The public right ended with the vacation of the street in 1895.

The rule to show cause must be made absolute.