EDNA DICKINSON AND GUSTAVE F. LOWE, PLAINTIFFS-RESPONDENTS, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, DEFENDANT-APPELLANT.

Submitted December 7, 1914—Decided March 1, 1915.

1. A public way by prescription can be acquired over lands of a railroad company where such lands are not used. by the company for railroad purposes.

2. Where there was plenary proof that land of defendant had been used by pedestrians and vehicles, without regard to any use for railroad purposes, for more than .twenty years, such use being acquiesced in by defendant and such acquiescence for that period being unaccompanied by any act showing that it was not the intention of defendant to subject its fee to publi% user, a motion to nonsuit, on the ground that the proof submitted was insufficient to support a finding that the road in question was a public highway, was properly denied.

On appeal from the Supreme Court.

For the plaintiffs-respondents, *Henry M. Lummis* and *Elmer King.*

For the defendant-appellant, *Frederic B. Scott.*

The opinion of the court was delivered by

KALISCH, J.  The appellant appeals from a judgment en-tered in the Supreme Court upon a verdict rendered against it, in the Morris Circuit, in favor of Edna Dickinson for $750, and in favor of Gustave F. Lowe, for six cents.

The two plaintiffs below joined in. a single action, under the new practice act, to recover their respective damages which they claim resulted peculiarly to them from the erection by the appellant company, of a concrete wall upon a public highway in the borough of Chatham, thereby closing up the highway to public travel and ingress and egress to and from a garage and premises, abutting on the highway, which the

·respondent Dickinson owned and partly occupied for business purposes and a portion of which premises she had let to the respondent Lowe.

At the close of the plaintiff's case, in the court below, counsel of appellant moved for a nonsuit, upon the ground that the proof submitted was insufficient to support a finding that the road in question upon which the concrete wall was built was a public highway, since it appeared that the road was upon land owned by the appellant company and was used by it for railroad purposes and therefore the public could not acquire any easement in it through public user, which motion was denied.

We think under the facts of this case and the legal rule applicable thereto, the motion was properly denied.

The appellant company owns land on the north side of its freight and passenger stations, which stations are north of its right of way.

The land over which the public road is claimed to exist is not a part of the right of way of the appellant company and therefore the question reserved in *Hulse* v. *Pennsylvania Railroad Co.,* 59 *N. J. L.* 54, viz., whether an ordinary right of way, either public or private, can be acquired by prescription over a strip of land expressly devoted by the legislature to use as a public highway of a special kind, is not involved.

The road in question, upon the appellant company's land, connects two public streets, Fairmount avenue with Bower's lane.

There was plenary proof that the road had been used upward of forty years by pedestrians and vehicles, in going from Passaic avenue to Bower's lane and from Bower's lane to Passaic avenue, without regard to any use for railroad purposes.

The *locus in quo* is practically identical with that which existed in the case of the *Township of Riverside* v. *Pennsylvania Railroad Co.,* 74 *N. J. L.* 476.

It was there held that a public way by prescription could be acquired over lands of a railroad company, which were similarly situated as in the present case, and that such a

way could be shown to exist by proof of a continuous public* user extending over a period of twenty years and acquiesced in by the railroad company; acquiescence for that period unaccompanied by any act showing that it was not the intention of the railroad company to subject its fee to the public use being considered to be conclusive evidence of abandonment to the public.

In the case *sub judice* there was proof of public user of the road for twenty years and that such user was acquiesced in by the railroad company, for there is no proof that it did any act which repelled the presumption that it was its intention to subject the land to that public use. The evidence in the case under consideration from which acquiescence could be inferred was like that in the case of *Township of Riverside* v. *Pennsylvania Railroad Co., supra.* The like may be said as to the proof of public user. It is true that there was evidence in the case last cited that the highway had been worked and repaired by the public authorities, but that of course was not evidence of a dedication by the railroad company, but of an acceptance of a dedication by the public authorities, and long continued public user is itself evidential of such acceptance if it continue for twenty years, even though the public authorities do not work the road. *Smith* v. *State,* 23 *N. J. L.* 712, 727. The mere fact that the railroad company made use of the road in approaching its freight house and its passenger station is not sufficient to repel the presumption of dedication arising from a public use, by a long continued public user for twenty years.

It must be borne in mind that the road in question runs over land north of the railroad station and freight house from one public highway to another, which in their turn connect with other thoroughfares of the borough.

It is therefore unlike the situation where a road or approach on a railroad company's land leads to and ends at the railroad station.

It may be said that as it was necessary for the railroad company to keep the road open as a means of communication to and with its freight station and freight yard, therefore it

could have done nothing to prevent the acquisition of a public right by prescription for the reason that mere denials of the right or prohibition of user, unaccompanied by any act which would amount to a disturbance of the right would be ineffectual to destroy it under the rule laid down by this court in *Lehigh Valley Railroad Co.* v. *McFarlan,* 43 *N. J. L.* 605.

A similar situation was presented in Titus *v.* Pennsylvania Railroad Co., decided by this court at the November term, 1914 (*ante p.* 157), where it was held that a railroad company by maintaining a line fence along its right of way for a period of twenty years for the protection of its passengers against accident which might be caused by trespassing of cattle, or perhaps human beings, upon its track, rendered itself liable to have a claim of prescriptive right asserted against it by the adjoining owner to have it maintain that fence perpetually thereafter for his benefit; and that notwithstanding its protests it was the duty of the adjoining owner to maintain the fence and its remonstrances for his failure to perform that duty.

Thus it is clear from the decisions of this court that a direction of a nonsuit or of a verdict for the defendant by the trial judge upon the facts before him would have been without legal justification, and we must affirm his rulings thereon unless we are prepared to overrule the legal principles enunciated by us in those decisions.

It is to be observed that the damages claimed by the respondent Dickinson, were not only those resulting from the interference of her user of the way for the purpose of travel, but also for the interruption of light and air to her garage. It may be that if her only claim was for compensation for the latter injury she would be without remedy. But this question has not been raised by the appellant and is not necessarily involved in the case, because the proofs show a special and particular damage to her, in the interruption of the user of the highway, by reason of the adjacency of her property to this public way, and for that damage she was entitled to maintain this action under *Ryerson* v. *Morris Canal and Banking Co.,* 69 *N. J. L.* 505, and was entitled to

compensation for that damage, if the jury found that the alleged public way in fact existed.

Judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WILLIAMS, JJ.    9.

*For reversal*—SWAYZE, TRENCHARD, PARKER, WHITE, TERHUNE, HEPPENHEIMER, JJ.    6.