## MAXIME BOUQUET, APPELLANT, v. HACKENSACK WATER COMPANY, RESPONDENT.

Argued March 7, 1917—Decided June 18, 1917.

1. In order that an individual may maintain an action for a public nuisance, he must prove that he thereby suffers a particular, direct and substantial injury. Citing 19 *E. R. C.* 263.
2. A riparian owner on a navigable stream suffers no peculiar injury as such because the stream has been made less pleasant for boating, fishing, and bathing. The injury to him is the same as that to any other member of the public, and for the reason that his right *qua* riparian owner is that of access, and not a special right to use the stream in any different manner than others may use it.
3. A judgment for appellant for nominal damages, although erroneous, will not be reversed if he was not entitled to any damages.

On appeal from the Supreme Court.

For the appellant, *Arthur T. Dear.*

For the respondent, *Edwin F. Smith.*

The opinion of the court was delivered by

PARKER, J. Appellant, plaintiff below, claims to be legally aggrieved by the action of the trial judge in directing a verdict in his favor for nominal damages of six cents.

His case, as finally submitted, was that he owned land on the easterly side of the Hackensack river, a navigable stream, on which land was a dwelling-house occupied by him and used for the keeping of summer boarders; and that prior to the summer of 1914 he had many boarders and did a profitable business, but in that year and thereafter the water in the river in front of his place was fouled by the act of the defendant, so that it was not so pleasant as it had been to look at or so available for fishing, boating and swimming, and that in consequence the boarders, who had been attracted by the view and the boating, fishing and swimming, were caused to re-

main away, whereby plaintiff suffered material loss. There was some claim of an odor from the water, but this was disregarded at the trial and is not now urged. The view taken by the trial court was that on the assumption that plaintiff's title extended to high-water mark in the river, the rights, if they existed, of swimming in the river, boating on it, and looking at the view, were not special rights of plaintiff *qua* riparian owner, or of his guests claiming under his license, but were rights of a purely public character, and that in their infringement plaintiff suffered simply as a member of the public and could not claim special damage in a private action.

Our examination of the case satisfies us that plaintiff was in no way legally injured by this ruling. It is not claimed that he was entitled to recover in this suit as a member of the public, for the deprivation of benefits because his guests found the river no longer pleasant for boating, fishing or swimming. The claim must rest, if at all, on the injury resulting to plaintiff as an abutting owner. But the right of an owner of the *ripa* of navigable water is that of access; and if that be unlawfully interfered with he may maintain a special action. *Stevens* v. *Paterson and Newark Railroad Co.,* 34 *N. J. L.* 532, 553. Apart from this, he has no peculiar right to the use of the water or of the shore. *Ibid.* 542, 543; *Whitmore* v. *Brown (Me.),* 65 *Atl. Rep.* 516, 521. Plaintiff, as owner of land on or near the river, may have more occasion to make use of the public rights of boating and (if there be such rights) of fishing and bathing, but those rights remain public and not private.

The rule, as we understand it, is this: "That in order that an individual may maintain an action for a public nuisance, he must prove that he thereby suffers a particular, direct and substantial injury." *Benjamin* v. *Storr,* 19 *E. R. C.* 263. The same rule, in different phraseology, will be found in *Mehrhof* v. *Delaware, Lackawanna and Western Railroad Co.,* 51 *N. J. L.* 56 (at *p.* 57). It may be conceded that plaintiff's injury was substantial; there is more doubt whether it was direct, but that may also be conceded for the sake of argu-

ment; it was not, however, particular, as we have already seen. The result is that the trial judge would have been justified in awarding a nonsuit or in directing a verdict for the defendant.

All this has been predicated on the assumption that plaintiff exhibited a title running down to high-water mark. The case does not, in our judgment, show that he gave proof of any such title. His deed, offered in evidence, called for certain lots on a designated map (which map was not put in evidence), and the only mention of the river was contained in a clause in the deed reading as follows:

"Together with all right, title and interest of the party of the first part in and to the land lying between high-water mark of the Hackensack river and the middle of Riverside avenue, as shown on said map, lying directly opposite or in front of such of the property above described as has a frontage on said Riverside avenue."

There was no proof of what that right, title and interest was, or that there was any at all. It affirmatively appeared that there was a strip several feet wide between Riverside avenue and the river. If plaintiff did not own this strip, his right even to access to the river was no better than that of an owner of land a long distance away, or one not an owner at all. But as plaintiff might peradventure have shown some title as a riparian owner, we have preferred to treat the case as if such were the fact.

Inasmuch as plaintiff was not harmed by the direction in his favor of a nominal verdict, the judgment will be affirmed. *Sypherd* v. *Myers,* 80 *N. J. L.* 321; *Butterhof* v. *Butterhof,* 84 *Id.* 285.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, GARDNER, JJ.    12.

*For reversal*—WHITE, TAYLOR, JJ.    2.