LUCY A. REICHARDT, RESPONDENT, v. WALTER B. TIMMS
AND ANNA B. LEONARD, APPELLANTS.

ESTHER C. TOWNLEY AND GERTRUDE W. POTTER, RE-
SPONDENTS, v. WALTER B. TIMMS AND ANNA B.
LEONARD, APPELLANTS.

Argued February 18, 1919—Decided March 22, 1919.

1. One who places unauthorized obstructions, within the limits of
a city street or highway, as laid out by the city, is liable to an
action, at the suit of any person who is specially damnified. The
fact that the street or highway has not been, improved cannot
divest it of its legal status. For the facts of this case see the
body of the opinion.

2. The loss of rent is a special injury, different from that suffered
by the rest of the public, on which a private right of action can
be maintained. Such rent is properly recoverable. The esti-
mated loss of rent, when the amount is shown by competent evi-
dence, caused by obstructions on a city street or highway, is not
too remote or uncertain, on which to base a judgment, in a suit
brought to recover damages for injury to real property.

On appeal from Elizabeth District Court.

Before Justices BERGEN, KALISCH and BLACK.

For the appellants, *Vail & McLean.*

For the respondents, *Clark McK. Whittemore.*

The opinion of the court was delivered by

BLACK, J. The appeals in these cases bring under review
two judgments of the Elizabeth City District Court for
fourteen ($14) dollars in each case. Both judgments are
founded upon the same stipulated facts. The damages as-
sessed is the loss of one dollar per month, in the rental value
from property caused by obstructions and encroachments on
Lincoln avenue.

The pertinent facts are: In the year 1870 the city of
Elizabeth adopted an ordinance to open Lincoln avenue
from Chilton street to Cherry street. Lincoln avenue had
previously been delineated by the commissioners, appointed
to lay out streets, avenues and squares, under the act of
March 13th. *Pamph. L.* 1867, *p.* 210. Proceedings were
taken according to law, for the opening of Lincoln avenue;
commissioners were appointed to assess damages; a certifi-
cate for the assessment of damages was presented to the city
council, which was ratified and filed in the city clerk's office
on September 12th, 1870; payment of damages, assess-
ments for benefits, ratification, assessment and collection of
the same followed. On November 4th, 1915, the board of
public works of the city of Elizabeth passed an ordinance to
establish the grade of Lincoln avenue, approved by the
mayor November 5th, 1915. On November 14th, 1917, the
board passed an ordinance to grade Lincoln avenue, which
was, on December 1st, 1917, vetoed by the mayor of the city.
The city has never actually graded, curbed or flagged Lin-
coln avenue.

The defendants are the owners of tracts of land fronting
on Lincoln avenue. They have each erected and maintained
encroachments and obstructions in the nature of fences and
tennis courts, so as to prevent passage over Lincoln avenue,
which is a connecting avenue between two old streets, in the
city, known as Cherry and Chilton streets. On the east side
of Chilton street the curbing runs northerly into Lincoln
avenue, for a distance of twenty (20) feet delineating the
curb line of Lincoln avenue.

Notice to remove the obstructions was given to each of the
defendants in May, 1917. The amount of the judgment in
each case is made up of one dollar loss per month in rental
value of plaintiffs' premises, by reason of the obstructions
maintained upon Lincoln avenue by the defendants. The
trial court found that Lincoln avenue was a public street;
that the defendants maintained the obstructions to the pri-
vate injury of the plaintiffs, at the rate of one dollar per

month damage and rendered a judgment in favor of each plaintiff for the sum of fourteen ($14) dollars.

The appellants specify two grounds on which they are dissatisfied in point of law—*first,* because the trial court found that Lincoln avenue was a public street, although it was never graded, curbed or flagged—in fact was never laid out upon the ground; *second,* the evidence of loss of rent was too uncertain and remote to justify a verdict for special damages, as allowed by the trial court. We think there is ample justification in the stipulated facts for the finding of the trial court that Lincoln avenue is a public street or highway, the same having been formally opened, so far as the proceedings and records are concerned, in compliance with law. The city acquired the land. The fact that it has not improved the avenue cannot divest it of its legal status. It is in a condition to be used, except for the obstructions. *Jersey City* v. *National Docks Railway Co.,* 55 *N. J. L.* 194, 201, cited by the appellants, is not in point. Our Court of Errors and Appeals, in the case of *Opdycke* v. *Public Service Railway Co.,* 78 *Id.* 576, 583, said: "It is well settled that one who places an unauthorized obstruction within the limits of a highway as laid out is liable to an action at the suit of any person who is thereby specially damnified, and this although the obstruction or other nuisance may be without the limits of the traveled way" (*Durant* v. *Palmer,* 29 *Id.* 544, 547) ; so, the obstruction or encroachment may consist of anything which renders the highway less commodious and the rules against obstructions or encroachments apply to all highways having a legal existence, those established by statutory proceedings, in the exercise of the right of eminent domain, as well as those existing by dedication or by recognition, user or prescription (37 *Cyc.* 248) ; where many cases bearing on this point are collected.

Our conclusion, therefore, is, these actions can be maintained.

It is next urged that the evidence of loss of rent was too uncertain and remote to justify a verdict of special damages. It can hardly be successfully maintained that loss of rent, if a proper legal element of damages, is not a special injury, different from that suffered by the rest of the public, on which a private right of action can be maintained, bringing the case within the rule declared in cases like *Mehrhof* v. *Delaware, &c., Railroad Co.,* 51 *N. J. L.* 56, and *Ryerson* v. *Morris Canal, &c., Co.,* 69 *Id.* 505.

The trial court found as a fact, from the stipulated facts submitted to the court, that special damages had been shown by the loss of the rental value of the plaintiffs' properties. Loss of rent was held, in the case of *Lewis* v. *Pennsylvania Railroad Co.,* 76 *N. J. L.* 220, 222, properly recoverable. So, when the amount of such loss is shown by competent evidence, it cannot be said to be too remote or uncertain on which to base a judgment. The rule requires reasonable certainty only. There is a line of cases, however, which hold that the measure of damages in actions for injuries to real property is the difference in the rental value of the property before and after the injury. The application of this rule is said to depend somewhat upon whether the injury or loss is partial or total, or whether it is temporary or permanent. *Baltimore, &c., Railroad Co.* v. *Boyd,* 67 *Md.* 32, 41; *Nims* v. *Mayor, &c., of Troy,* 59 *N. Y.* 500, 509; *Rumsey* v. *New York, &c., Railroad Co.,* 133 *N. Y.* 79, 84; 15 *L. R. A.* 618; *City of Richmond* v. *Gentry,* 136 *Ky.* 319; 13 *Cyc.* 150; 8 *R. C. L.* 483, ¶ 45.

We conclude, therefore, finding no error in the record the judgment of the District Court of the city of Elizabeth in each case is affirmed, with costs.