This is a conflict between adjacent land owners over access to a state highway. The paved part of the highway is separated from the properties in question by a strip of land 16 feet wide which, although not presently used either as a roadway or as a sidewalk, is a part of the highway and owned by the State in fee. The defendants, who operate a gasoline filling station on their property, constructed a concrete exit drive across the unpaved portion of the highway to the roadway. But instead of building their exit at right angles to the line of the highway, they laid it out at an oblique angle so that it runs in front of the plaintiff's property and hampers access to its land. *Page 39 
The plaintiff has the same right of access to the highway in front of its property as have the defendants. Barnett v.Johnson, 15 N.J. Eq. 481 (E. A. 1863). In defense of their interference with plaintiff's access, the defendants offered, in the Chancery Division, to prove that the State Highway Commissioner had authorized them to build their drive in the position where they placed it. They point out as the source of the Commissioner's authority, R.S. 27:7-44.1 which forbids any person from constructing any work in a state highway "except under such conditions and regulations as the Commissioner may prescribe." This provision is clearly intended only to safeguard the rights of the State and the general public. The Commissioner's permit is not a justification for interference with another land owner's right.
The defendants also rely on the circumstance that the side lines of their property do not run at right angles with the state highway but obliquely, and that the driveway in question lies within the side line of their property, extended into the highway. We cannot see the relevancy of this circumstance. The peculiar interest which every abutting owner has in that segment of a highway or street in front of his land, is in no way dependent on the shape of his lot. Cases relating to riparian lands furnish an apt analogy. Delaware, Lackawanna WesternR.R. Co. v. Hannon, 37 N.J.L. 276 (Sup. Ct. 1875);Manufacturers Land, etc., Co. v. Board, 98 N.J.L. 638; affirmed, 101 N.J.L. 224 (1925).
The injunction granted by the Chancery Division for the protection of plaintiff's right against infringement by defendants, will be affirmed. *Page 40