JULIA POULOS, PLAINTIFF-RESPONDENT, v. DOVER BOILER AND PLATE FABRICATORS, A CORPORATION OF NEW JERSEY, THE HUDSON REALTY COMPANY, INC., L. O. KOVEN & BROTHER, INC., THE DELAWARE, LACKAWANNA & WESTERN RAILROAD COMPANY, INC., DEFENDANTS-APPELLANTS.

Argued October 23, 1950—Decided November 27, 1950.

582

*Mr. Herman G. Vorburger* argued the cause for the appellants Dover Boiler & Plate Fabricators and L. O. Koven & Brother, Inc. (*Messrs. Hopkins, Vorburger & Dickson,* attorneys).

*Mr. Donald R. Creighton* argued the cause for the appellants The Hudson Realty Company, Inc., and the Delaware, Lackawanna & Western Railroad Company, Inc.

*Mr. Paul Colvin* argued the cause for the respondent.

The opinion of the court was delivered by

OLIPHANT, J. This is an appeal from a judgment of the Superior Court, Chancery Division, which determined that a public right of way or public roadway was established by an open, notorious and adverse user over the lands of the de-

fendants, describing the same, but reserved a determination as to certain portions of the claimed right of way over open lands until the width and areas of this part of the way had been determined by a surveyor appointed by the court, and denying damages to the plaintiff for the obstruction of the alleged public right of way. This appeal is here on our own motion.

The controversy arose in 1942 when the appellants, Dover Boiler and Plate Fabricators and L. O. Koven & Brother, Inc., at the insistence of the United States Government, erected a fence around the entire property occupied by their plant, including lands leased from the appellants, Hudson Realty Company, Inc., and The Delaware, Lackawanna & Western Railroad Company, Inc., thus obstructing and interfering with the use of the alleged right of way. In 1947 the appellants closed the fence gates of their own volition. This proceeding was then brought by the respondent to enjoin the appellants from closing the alleged roadway and interfering with the use thereof, on the ground that an easement or a right of way exists over the lands owned by the appellants.

The Attorney General of the State of New Jersey and the Town of Dover were made parties defendant because of the alleged public interest in the so-called right of way. The Attorney General neither entered an appearance nor filed an answer on behalf of the State. The Town of Dover filed an answer in which it reserved the right to move to strike the bill of complaint on the ground it did not set forth a cause of action against the Town of Dover. In the final judgment the complaint was dismissed without costs as to the defendant, Town of Dover.

Dover Boiler and Plate Fabricators is a wholly owned subsidiary of L. O. Koven & Brother, Inc., and title to the lands in question has been in it or its predecessors in title since September 23, 1916. The Hudson Realty Company, Inc.. is a wholly owned subsidiary of The Delaware, Lackawanna & Western Railroad Company, Inc., and lands in question owned by them were acquired by their predecessors in title respec-

tively on November 3, 1902, and October 14, 1910, and have been leased to the Dover Boiler and Plate Fabricators, or their predecessors in title, since 1916 and 1941 respectively.

The lands are adjacent to the right of way of The Delaware, Lackawanna & Western Railroad and are separated therefrom by a fence. The roadway between the manufacturing plant and the tracks is well defined and used by the Dover Boiler and Plate Fabricators in the operation of its plant and to reach the lands leased from the realty company and railroad company east of the plant used as a storage area. Park Avenue, on which the property of plaintiff is located, lies on the south of the lands of the realty company and the railroad company and runs in a southwesterly and northeasterly direction from the said lands to Morris Street. The grade of Park Avenue is rather steep and the plaintiff's property is about 500 feet from the foot of Park Avenue. The land of the realty company and railroad company over which the right of way is alleged to run is vacant, unimproved and unenclosed land which at one time was used as a rye field and baseball diamond.

Various witnesses, including people who had lived there upwards of forty years, testified that the residents of upper Park Avenue had used a shortcut across these fields to go to town and that children had gone to school that way and that coal dealers, milkmen, delivery boys and others making deliveries to the houses in Upper Park Avenue used the way whenever passage over it was possible, and at times the various departments of the City of Dover used it, such as fire companies, water department and others. The testimony indicated that this user had extended for a period of thirty to forty years. Plaintiff also testified that Park Avenue was so steep as to be practically impassable, leaving the route across the defendants' lands as the only means of ingress to and egress from this particular Park Avenue area available to the residents thereof and those who had business with them.

There is not the slightest bit of testimony in the case that any of the persons going through the property prior to 1942

did or said anything that could be construed as being hostile to the appellants' ownership or to indicate that these persons claimed a right to go through, or intended to exercise a hostile or ·adverse claim. All the conduct shown is indicative of a use by permission rather than an adverse user. Further, there is a sharp conflict in the testimony as to whether the right of way in fact existed over certain parts of the land, particularly that part used by the Boiler Company as a storage space. The evidence is that at various times the boilers, scrap metal and other material which were stored on this land were shifted to different locations, and the route taken at such times by the various people who walked over these lands, or went over the lands, depended to some extent upon the then location of the boilers, scraps of metal, and materials.

The trial court seems to have conceded this partially when it indicated it was necessary for a surveyor to be appointed in order to determine accurately where the way was and is when it passed through this particular part of the land.

█ The appellants argue that this action is not maintainable by the plaintiff as an individual and that the rule is that an individual cannot maintain a suit to restrain a nuisance which injures him only in the rights enjoyed by him as one of the public. In such a case an information must be filed for the public in the name of the Attorney General, on behalf of the State, and it makes no difference as to the remedy that the individual would be much more inconvenienced by the nuisance than most of the others. We are in accord with the rule as thus stated in *Higbee & Riggs v. The Camden & Amboy Railroad Co.,* 19 *N. J. Eq.* 276 (*Ch.* 1868); *H. B. Anthony Shoe Co. v. West Jersey Railroad Co.,* 57 *N. J. Eq.* 607, 617 (*E. & A.* 1898); and *Young v. Pennsylvania Railroad Co.,* 72 *N. J. L.* 94 (*Sup. Ct.* 1905).

Respondent, however, insists there is an exception to this rule and such an action may be maintained by a plaintiff where he is able to show a special injury to his interests, and relies on certain *dicta* in the case of *Allen v. Board of Chosen Freeholders,* 13 *N. J. Eq.* 68 (*Ch.* 1860), and certain lan-

guage found in *Grey v. Greenville & Hudson Railway Co.*, 59 *N. J. Eq.* 372 at *page* 377 (*Ch.* 1900). But the basis and meaning of such distinction is made clear in *Higbee & Riggs v. Camden and Amboy Railroad Co., supra,* at *page* 279, where the court said: "If the complainants own the soil to the middle of the street in front of their land, the injury to that is to the rights of the complainants as individuals, and not as part of the public * * *."

█ In other words, the special injury to be shown in order for the plaintiff to maintain this suit is an injury to a legal right which he would have in his own lands or in an appurtenance thereto and not to any right which is appurtenant to his land which he enjoys with other members of the public. The respondent in this suit has not shown any injury to such a right. She has merely shown that due to the location of her property and the great difficulty she has reaching her home by using Park Avenue, that she is inconvenienced more than the other members of the public.

██ The particular facts of the case are of no aid to her in view of the theory upon which she proceeds because she cannot establish a way of necessity, since a way of necessity can only be established where there has been a unity of ownership of the alleged dominant and servient estates, for no one can have a way of necessity over the land of a stranger. 19 *Corpus Juris* 921.

A way of necessity is not created by a mere necessity, but always grows out of some grant or change of ownership by operation of law, to which it is attached by construction as a necessary incident. *Woodworth v. Raymond,* 51 *Conn.* 70 (1883); *Faas v. Wallwork,* 96 *N. J. Eq.* 541, 545 (*Ch.* 1924).

█ On the facts shown in this case, therefore, the respondent was without right to bring this type of action and the situation was not remedied by attempting to make the Attorney General a party, for the Attorney General cannot be joined on behalf of the State without his consent and it is for the Attorney General to say whether or not the injury complained of consists of a deprivation of the enjoyment of

a common public right rather than an injury to the private property right of an individual citizen. This discretion cannot be exercised by an individual on behalf of the Attorney General.

As stated heretofore, the evidence as to the actual user was more consistent with the user by permission than by adverse user. To sustain a title by adverse user the party relying thereon must establish a continuing, open, visible and exclusive user and one that is hostile, that is, with the intention to claim title against the true owner, and, obviously it must appear that the possession, or use, which is claimed to be adverse was such that the owner knew or should have known that the disseizor intended to make title under it. *Cobb v. Davenport,* 32 *N. J. L.* 369, 385 (*Sup. Ct.* 1867); *DeLuca v. Melin,* 103 *N. J. L.* 140, 144 (*E. & A.* 1926). Whether the user is sufficiently hostile and notorious to oust a true owner will depend much upon the situation and condition of the property, and the uses to which the real owner designedly or permissively subjects it. *Cobb v. Davenport, supra.*

And it has been held that a user to be adverse must be under a claim of right, with such circumstances of notoriety as that the person against whom the right is exercised may be made aware of the fact, so as to enable him to resist the acquisition of such right before the period of prescription has elapsed. *Carlisle v. Cooper,* 21 *N. J. Eq.* 576, 596 (*E. & A.* 1870); *Weber v. Gerber Holding Co.,* 138 *N. J. Eq.* 544 (*Ch.* 1946). The proofs in this case as to the hostility of the user fall short of this test.

It is likewise the law that one can not successfully contend for title by adverse user where this user is as a member of the public, in common with all others exercising and enjoying the privilege of use and occupancy, for the reason that such possession and use is lacking the necessary element of exclusiveness. *DeLuca v. Melin, supra.*

Under the law as stated and the facts proven the plaintiff in this case has failed to maintain the burden of proof re-

quired of her to sustain a title by adverse user; therefore it becomes unnecessary to decide the other questions raised by the appellants.

We note that although the issue developed at the trial related to the title of real property, the principal relief asked for under the complaint as filed was an injunction, and therefore the case was properly brought in the Chancery Division under *Rule* 3:40–2. The parties appear to have waived their right of a trial by jury; however, the record fails to disclose strict compliance with *Rule* 3:38–1.

The judgment is reversed and the complaint is dismissed.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, OLIPHANT, BURLING and ACKERSON—5.

*For affirmance*—Justices HEHER and WACHENFELD—2.