32 N.J. Super. 254 (1954)
108 A.2d 192
WARREN FOUNDRY AND PIPE CORPORATION, A CORPORATION OF DELAWARE, PLAINTIFF-APPELLANT,
v.
MERIDEN STONE CO., A CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 27, 1954.
Decided October 8, 1954.
*255 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. R. Wayne Stickel argued the cause for plaintiff-appellant (Messrs. Matthews and James, attorneys).
Mr. David Young, 3rd, argued the cause for defendant-respondent (Messrs. Young & Sears, attorneys).
The opinion of the court was delivered by CLAPP, S.J.A.D.
This appeal brings before us a single question, namely, whether obstructions placed by defendant upon the alleged public road here, so as to block it off, constitutes in this case such a special injury to the plaintiff as would give it the right to injunctive relief calling upon defendant to remove the obstructions. The court below denied plaintiff any relief. Plaintiff appeals.
Plaintiff had the burden of establishing another matter below, namely, that this is a public road. Though perhaps *256 not disposed of by the trial court in its opinion, this issue apparently was fully litigated. Hence the proofs taken on the matter should have been included in plaintiff's appendix on this appeal, so that if we were to decide the appeal in its favor on the point it raises here, we could dispose of the whole case.
Plaintiff's and defendant's properties adjoin, and the road referred to runs east and west through both properties. On its own property, near this road, plaintiff is engaged in some exploratory work, expecting to open a mine there. If the road were unobstructed, it would enable plaintiff to proceed from this mine to the center of its other mining operations in the area, over a route which, plaintiff claims, would be considerably shorter than the route or routes which it is now forced to take; we will assume this to be the fact.
It has been repeatedly held that an individual cannot sue to enjoin an interference with public rights in a road unless he suffers a special injury. The remedy for the public wrong is by way of indictment or at the suit of the Attorney-General. Poulos v. Dover Boiler & Plate Fabricators, 5 N.J. 580 (1950); Morris and Essex Railroad Company v. Prudden, 20 N.J. Eq. 530 (E. & A. 1869). As held in the Poulos case, a very great inconvenience to an individual is not a special injury within the rule.
The ramifications of this doctrine do not concern us here. The narrow question before us is whether the above-stated obstructions on the public road, preventing plaintiff from using it in an easterly direction, constitute a special injury to the plaintiff because it owns property located on the road west of the obstruction. The Poulos case is conclusive on the point. The plaintiff here claims no injury except to a right (to use the words of that case) "which [it] enjoys with other members of the public." This, it seems, is so obvious as not to require any demonstration.
There is not the merest assertion here that the obstruction of the road has given or will give rise to any damage, substantial or otherwise, to plaintiff's interests in the mining venture on its property. Whether if there were such damage, *257 there would be a remedy here, and if so, whether that remedy would be only for the damage and not by way of injunction, need not be considered. Ryerson v. Morris Canal and Banking Co., 69 N.J.L. 505 (Sup. Ct. 1903); Dickinson v. D.L. & W.R.R. Co., 87 N.J.L. 264, 267 (E. & A. 1915); Brooks Co. v. D.L. & W.R.R. Co., 80 N.J.L. 676 (Sup. Ct. 1910); Reichardt v. Timms, 93 N.J.L. 117, 120 (Sup. Ct. 1919); cf. Mehrhof v. Del., L. & W.R.R. Co., 51 N.J.L. 56 (Sup. Ct. 1888). But see United N.J.R. & C. Co. v. Crucible Steel Co., 85 N.J. Eq. 7, 26 (Ch. 1915), affirmed 86 N.J. Eq. 258 (E. & A. 1916); Young v. Pennsylvania Railroad Co., 72 N.J.L. 94 (Sup. Ct. 1905).
Plaintiff relies on Lindel Realty Company v. Miller, 4 N.J. Super. 37 (App. Div. 1949). But we are not asked here to determine whether an abutting owner has a right of access from his land to the highway at the point of abutment and whether that right is of such a character as could, in the words of the Poulos case, be said to be a right "in his own lands," warranting injunctive relief in case such access is denied him. Cf. Higbee & Riggs v. Camden and Amboy Railroad Co., 19 N.J. Eq. 276, 279 (Ch. 1868); Bouquet v. Hackensack Water Co., 90 N.J.L. 203 (E. & A. 1917); but cf. H.B. Anthony Shoe Co. v. West Jersey R.R. Co., 57 N.J. Eq. 607, 617 (E. & A. 1898). We are called upon here to deal only with the right of the plaintiff to make use of the highway at a point other than that at which its lands abut the highway.
The judgment will be affirmed.