42 N.J. Super. 509 (1956)
127 A.2d 178
EMILIE BLICK MULFORD, PLAINTIFF-APPELLANT,
v.
CHARLES ABOTT AND SALLIE M. ABOTT, HIS WIFE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 29, 1956.
Decided November 28, 1956.
*511 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Alexander Blatt argued the cause for the plaintiff-appellant.
Mr. Benjamin A. Rimm argued the cause for the defendants-respondents.
The opinion of the court was delivered by FREUND, J.A.D.
This litigation is between adjoining property owners over title to a strip of land running along the northerly side of the plaintiff's lot, covered by a paved sidewalk which encroaches upon the defendants' land about two inches at the front and about six inches in the rear. The plaintiff claimed title by adverse possession and instituted an action to quiet title. The defendants by counterclaim sought possession, an injunction against continuance of the encroachment, and an order requiring its removal. From a judgment of the Chancery Division dismissing the complaint and awarding judgment to the defendants on the counterclaim, the plaintiff appeals.
The plaintiff owns premises No. 21, and the defendants No. 19, South Washington Avenue, Ventnor City, New *512 Jersey. In 1923 the plaintiff's premises were owned by her parents, and the defendants' premises by J. Frank McCall. At that time there was a dirt and pebble walk between the two properties. About September of that year the plaintiff's father desired to pave the walk with cement, because dirt from the walk and from McCall's lawn was staining the shingles on the north side of his house and washing into his basement whenever it rained. Realizing that the pavement would encroach upon the defendants' land, the plaintiff's father discussed the matter with McCall, pointing out that it would benefit him also by protecting his lawn from erosion. McCall objected to the construction, stating that if the walk were paved it would be without his consent and he would tear it up. The plaintiff's father, nevertheless, built the walk, and the plaintiff and her family have used it continuously since 1923. However, the plaintiff admitted that no claim of title was made until 1947 or 1948. In October 1955 the defendants began preparations to erect a fence enclosing their property and overlapping the sidewalk, whereupon in November 1955 the plaintiff instituted this proceeding.
In his conclusions the trial judge found that the evidence disclosed "an amicable encroachment for the mutual benefit of both of the owners of the lands here involved, rather than one of hostility," and that the plaintiff "failed to prove by clear and positive evidence that the original entry was under a claim of right with an intent to claim against the record owner."
It is to be observed that the plaintiff does not claim a prescriptive easement, but claims title through adverse possession. "* * * `prescription' is the term usually applied to the acquisition of incorporeal hereditaments by adverse user, while `adverse possession' is the term applied in matters concerning title to lands." Plaza v. Flak, 7 N.J. 215 (1951).
To sustain a claim of title by adverse possession, one has the burden of proving by clear and convincing evidence, possession which is actual and exclusive, open *513 and notorious, continued and uninterrupted, adverse and hostile for the statutory period. Foulke v. Bond, 41 N.J.L. 527, 545 (E. & A. 1879); Predham v. Holfester, 32 N.J. Super. 419 (App. Div. 1954); De Bow v. Hatfield, 35 N.J. Super. 291 (App. Div. 1955), certification denied 19 N.J. 327 (1955). Substantially the same elements must be proved to establish a prescriptive easement. Poulos v. Dover Boiler & Plate Fabricators, 5 N.J. 580 (1950); Plaza v. Flak, supra; A.J. and J.O. Pilar, Inc., v. Lister Corp., 22 N.J. 75 (1956).
Our review of the facts leads us to the same conclusion reached by the trial court, namely, that the plaintiff failed to prove clearly and convincingly the indispensable element of hostility. "Hostile" means "with the intention to claim title against the true owner, and, obviously it must appear that the possession, or use, which is claimed to be adverse was such that the owner knew or should have known that the disseizor intended to make title under it." Poulos v. Dover Boiler & Plate Fabricators, supra, 5 N.J., at page 588; Cobb v. Davenport, 32 N.J.L. 369 (Sup. Ct. 1867). If a use of a way in its inception was permissive, the mere continuance of such use, for the statutory period, will not ripen into a hostile right. De Luca v. Melin, 103 N.J.L. 140 (E. & A. 1926).
A property owner might well suffer or permit his adjoining neighbor to encroach upon his land without a claim of title, yet refuse to allow it if such a claim was intended. There might be resistance and opposition to one situation and not to the other. Here, it was not shown that the plaintiff's predecessor in title paved the walk with intent to claim title against the defendants. Accordingly, the judgment is affirmed.