WILLIAM C. SUPPLEE et al.

v.

THERESÉ COHEN et al.

[Submitted January 3d, 1913.   Decided March 14th, 1913.]

1. Where the owners of two lots of land lying contiguous to ·each other agreed with their vendee that in consideration of his purchase of one of the lots, no building should be erected upon the other nearer than three feet from the party line between said lots, the court of chancery may entertain jurisdiction of a suit to enjoin the building of bay window and roof extensions by them which encroach nearer than three feet to such line.

2. Where a person has acquired an incorporeal easement, without profit, in the land of another, to which land the former has no title, the latter may by open, peaceable, adverse, uninterrupted and undisturbed possession and user of such easement for a period of twenty years, acquire by prescription a superior right thereto against the former, and even evidence to dissent by him, short of *actual* interruption or obstruction to the enjoyment of the easement, will not suffice to defeat such superior prescriptive right.

3. An appellant is not permitted to attack a decree in chancery upon grounds of appeal not contained in his petition of appeal.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming, whose opinion is reported in *80 N. J. Eq. (10 Buch.) 83.*

*Mr. Charles C. Babcock* and *Messrs. Bourgeois &·Coulomb,* for the appellants.

*Mr. James H. Hayes, Jr.,* and *Mr. Ulysses G. Styron,* for the respondents.

The opinion of the court was delivered by

VREDENBURGH, J.

For the purpose of dealing satisfactorily with certain features of this appeal it seems advisable to state the facts more at length

than contained in the clear but condensed summary of them in the opinion supporting the decree below.

On March 22d, 1911, the appellants, in consideration of $20,-000, then agreed to be paid and secured to them by the respondent William C. Supplee, contracted with him in writing, under their hands and seals, to sell and convey by deed to him, his heirs and assigns, on or before April 22d, 1911, a certain specifically described lot of land and premises (having a dwelling-house thereon), situate at Atlantic City, New Jersey, coupled with a certain incorporeal easement, and exclusive right, upon and over a strip of adjoining land, retained by them, and next referred to. One of the inducements to the purchase of these premises was, that the vendors should not build upon said strip of their contiguous land. This restriction was expressed by their covenant in the agreement, in the following plain words, viz.:

"The parties of the first part do hereby agree to and with the party of the second part that they shall so provide that no building shall be erected upon the lot adjoining said premises on the west nearer than three feet from the party line between said lots."

The execution of this agreement was then duly acknowledged, by the appellants, and to preserve the evidence of the terms of the easement of restriction contracted to be granted by it, it was, on August 7th, 1911, caused to be duly recorded, as a deed, upon the records of the deeds of land in the clerk's office in the county of Atlantic.

On April 3d, 1911, the vendee, being prepared to consummate the agreement of purchase and close the transaction, made, what may be properly termed, a parol equitable assignment of his interest under the contract, to his wife (Helen Fanning Supplee), by directing the vendors to make their deed of conveyance of the lot and premises so purchased by him, to his wife by substituting her name as grantee in the deed in place and stead of his own. To this directed assignment of interest the appellants assented, and having received a consideration with which they were fully content, executed and delivered a deed of conveyance in fulfillment of the agreement (by the same particular description of the premises set forth therein) to the wife as their grantee. While

in this deed there was no repetition of the restrictive covenant in question, and while all the covenants in this deed were silent upon this subject, the proofs taken at the hearing disclose there was no release, or waiver either by parol or otherwise, on the part of the husband or wife, of the said covenant of restriction contained in the agreement.

The respondents took immediate and actual possession of the conveyed premises, and proceeded with the active use and enjoyment of them.

In the following summer the appellants began the erection of a dwelling-house upon their adjoining lot. They erected the house so that its brick foundation wall and framed side were placed exactly three feet away from the party line between said lots, but at its second story they caused to be built an addition and extension thereto, next to respondents' line, so constructed as to project into and occupy seventeen inches of the said restricted three feet space, and also constructed a roof upon the house, the eaves of which projected into and occupied sixteen inches of the restricted space. To these extents, respectively, appellants' building was erected nearer than three feet from the said party line between said lots.

Thereupon, on August 5th, 1911, the respondents, objecting, caused to be served upon appellants, and upon their builders and agents, a written notice, notifying them to desist from violating the covenant of restriction, specifying in the notice that they desist from constructing or building such bay window and roof extensions within the three feet space adjoining the said party line; and that unless they desisted from thus violating the terms of said agreement an injunction would be applied for.

The present bill was filed praying, in effect, for the specific performance of the terms of the said covenant contract. The decree appealed from restrains the appellants from constructing and erecting on the premises adjoining that of the respondents the bay window, eaves or building nearer the west property line of respondents' premises than three feet, and commands appellant to promptly remove so much of the bay window and eaves of their house on the premises adjoining the westerly line of

respondents' lot as are nearer their west property line than three feet.

The appellants, in their brief here, challenge the jurisdiction of the court, insisting that the respondents have an adequate remedy at law for any damages resulting to them from these building extensions. The bill is filed for the specific performance of the contract contained in the covenant made by the appellants, and no subject of equity jurisdiction is more thoroughly recognized, nor stands less in need of the citation of authority to support it. The facts peculiarly call for the exercise of this jurisdiction and the interposition of the strong arm of the court of chancery.

The continued hostile occupation of this *locus* by the forbidden structure of the appellants would, if undisturbed by the respondents, grow into a right of prescription against them; and mere denials of the right, complaints, remonstrances or prohibitions of user unaccompanied by any act which in law would amount to a disturbance, and be actionable as such, would not prevent the acquisition by appellants of such prescriptive right. In the celebrated case of *Lehigh Valley Railroad Co.* v. *McFarlan, 43 N. J. Law (14 Vr.) 606,* this principle of law is most exhaustively treated by Chief-Justice Depue. In his opinion (at *p. 628*), in considering the nature of the evidence which shall contradict, explain or rebut the presumption of right to an incorporeal hereditament arising from an uninterrupted possession of twenty years, he quoted, with approval, what was said by Lord-Justice Thesiger, in the case of *Angus* v. *Dalton, 4 Q. B. D. 172, 186,* that even evidence of dissent short of *actual interruption* or obstruction to the enjoyment would not be sufficient.

In the opinion of this court in *Clement* v. *Bettle, 65 N. J. Law (36 Vr.) 675,* it is said that "prescription is a title acquired by the use or possession had during the time and in the manner fixed by law, and in the strictest sense applies only to incorporeal hereditaments, or such species of easements or liberties without profit which a person may enjoy in the soil of another without obtaining an interest in the land itself."

The brief also assails the decree upon a ground (not stated in

the petition of appeal) that Helen Fanning Supplee, the owner of the land conveyed, has no beneficial interest in the covenant in question.

This point is more technical than substantial, as has been already made manifest by the recitation of the uncontroverted facts evidencing the intent of the parties, and leading to the acquisition of ownership of the premises by the wife; but if it possessed merit the appellants have not placed themselves in a position to avail themselves of it. The petition of appeal avers that the decree appealed from was erroneous for certain specific grounds, eight in number, none of which present this point. It was settled quite recently (1904) in this court, in the case of *New Jersey Building and Investment Co.* v. *Lord, 66 N. J. Eq.* *(21 Dick.) 345,* that an appellant cannot be permitted to attack a decree in chancery upon grounds of appeal which are nowhere stated in his petition of appeal.

The other subjects presented by the appellants, and not discussed in the present opinion, have, we think, been correctly resolved by the reasons given in the opinion of the learned vice-chancellor, and the decree should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON—11.

*For reversal*—None.