# FLEET-McGINLEY COMPANY

## *vs.*

## JAMES W. BOTHWELL ET AL., RECEIVERS.

---

## JAMES W. BOTHWELL ET AL., RECEIVERS,

### *vs.*

## FLEET-McGINLEY COMPANY. ·

*Strike Insurance—Construction of Policy—Fixed Charges— Unprofitable Contract.*

A policy insuring against loss, by a strike of the insured's employees, of "fixed charges," but not against "consequential losses" from a strike, did not cover a loss caused insured by its undertaking certain work after a strike at the former contract price, which proved insufficient owing to the incompetency of its new employees, such a loss, if not a "consequential loss," not being a "fixed charge."

*Decided June 25th, 1923.*

Appeals from the Circuit Court No. 2 of Baltimore City (STEIN, J.).

The cause was argued, together with that next preceding, before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Sylvan Hayes Lauchheimer* and *Malcolm H. Lauchheimer,* for the Fleet-McGinley Company.

*Stuart S. Janney* and *Walter L. Clark,* with whom were. *Morris A. Soper, J. Purdon Wright* and *George S. Jones* on the brief, for the receivers.

PATTISON, J., delivered the opinion of the Court.

The appeal in this case is from an order similar to the one from which an appeal was taken in the *Standard Printing and Publishing Co.* v. *James W. Bothwell and others,* receivers of the insolvent corporation, known as the Employers' Mutual Insurance & Service Company of Maryland, that had insured the claimant and many others against loss caused by strike.

This case and the one just mentioned were selected by the claimants and the receivers as test cases, in which certain general rules were asked for and obtained from the court below by which the receivers should be guided and controlled in the distribution of the fund in their hands.

These two cases were selected because, as thought by the claimants, all of the claims would fall within one or the other of the two classes represented by them respectively.

It was thought by them, that because of the difference existing between the two cases and the classes represented by them, different rules would have to be made applicable to each.

In the *Standard Printing and Publishing Co.* case, we considered very carefully and discussed the questions raised and we do not now feel called upon to discuss these questions again, as we fail to find in the two cases such a difference as will make the rules applicable to one, inapplicable to the other.

There is, however, one question presented in this case that was not presented in the other, which relates to a contract made by the claimant for the publication of the Manufacturers' Record.

The record in this case discloses that the Fleet-McGinley Co. had been printing the Manufacturers' Record for a number of years with much profit to the company, but when the strike came, they were unable to continue its publication. Thereafter it was printed in Richmond, Va., until about August 1, 1921, when the Fleet-McGinley Co. again secured the publication of it.

It was said by the company that at that time it had ample men to do its work, but its costs were more than formerly, because of the inefficiency of the men and their inability to do the work in the same time it had taken its former workmen, to whom it paid the same wages. Therefore, as the insured received the same remuneration for the work it had formerly received, the profits, if any, were of course, less.

The company, as we have said, had been doing this work for a long time and had been making a good profit in doing it. It knew when it took the work back, that conditions were not as favorable as they had been, yet it again resumed the work at a price at which they knew, or should have known, there was no profit.

It may have been that it did not wish to lose the job and was apprehensive about it, but it was not for that reason justified in doing the work at a losing price, expecting to put the burden of the loss upon the insurance company under the supposed terms of the policy.

The loss, it would seem, resulted from the misguided judgment of the company, or from its willingness to take the work at a loss, because of the apprehension that it might go elsewhere.

If not a consequential loss, against which the insured was not indemnified by the express provisions of the policy, it was not, as claimed by the insured, a "fixed charge" under any proper definition of that term.

A cross-appeal was likewise taken in this case under the direction of the court.

The rules which we have said are applicable to the claim of the Standard Printing and Publishing Co. are also applicable to the claim under consideration, and for the reason stated in that case, the order in this case will be affirmed in part and reversed in part and the case remanded that directions may be given the auditor to distribute the fund as herein stated.

> *Order affirmed in part and reversed in part and case remanded, the costs to be paid out of the fund.*