SAYRE & FISHER LAND COMPANY, a corporation, et al.,
complainants,

*v.*

R. U. RUE COMPANY, a corporation, defendant.

[Decided November 14th, 1924.]

Injunction—Restraint Pendente Lite—Title to Right to Use of
Alleged Highway at Issue—Equity Has Jurisdiction to Re-
strain Obstruction to Complainants' Easement, But Not to
Try Title to Land—Under Chancery Act of 1915, Court Re-
tains Bill While Law Court Determines Title—Restraint
Pendente Lite Will Be Imposed to Preserve Property, Pre-
serve Status Quo and Prevent Irreparable Injury.

On motion for restraint *pendente lite.*

*Mr. Warren R. Schenck,* for the complainants.

*Mr. Francis P. Coan,* for the defendant.

BUCHANAN, V. C.

The complainants seek to restrain defendant from ob-
structing and interfering with their use of a certain road-
way which they allege to be a public roadway, and in which,
in any event, some of them allege they have individual ease-
ments.

Defendant admits the obstruction, but denies that com-
plainants have any such rights. It has filed its answer
wherein it challenges the jurisdiction of this court to deter-
mine the disputed question of title.

Of course, equity has jurisdiction of a bill to restrain ob-
struction of complainants' easement, but it has been equally
well settled that where complainants' title to the easement is
disputed, equity has not jurisdiction to try the disputed
question of title, but must have that question determined in

a court of law before proceeding further (save in certain exceptional cases within which category the present case does not fall).

Formerly, it seems to have been held that when this objection was made by the defendant's answer, the bill should be dismissed, but at the present time, and especially since the enactment of the 1915 Chancery act (which contains an express provision to that effect in section 8), this court sends the parties to the law court for the determination of the question of title, meanwhile retaining the bill.

Such an order will acocrdingly be made in the present case.

On the question of restraint *pendente lite*, it would seem that the principles must needs be the same, whether the intermediate litigation, during the pendency of which restraint it sought, is in this court or some other court. The ground upon which the court acts in ordering such *interim* restraint is the preservation of the property, the preservation of the *status quo*, and the prevention of irreparable injury. This is well set forth by the chancellor in *McCran* v. *Public Service Railway Co., 122 Atl. Rep. 205* (at *p. 207*), and in *Mc Cran* v. *Western Union Telegraph Co., 94 N. J. Eq. 281* (at *pp. 287, 291*).

Irreparable injury is injury which is material and which cannot adequately be assessed in damages. *Hodge* v. *Giese, 43 N. J. Eq. 342* (at *p. 350*). Damages cannot be adequately assessed where it will be difficult or impossible to ascertain and prove them, nor where the financial responsibility of defendant is uncertain or lacking. *Feigenspan* v. *Nizolek, 71 N. J. Eq. 382*. This was on final hearing—*interim* restraint had also been granted, obviously, on the same grounds. Other like instances are to be found in the cases of *interim* injunctions against strikes and boycotts, where they appear to be unlawful or unlawfully carried on.

The disputed facts in the present case have been very fully presented in the affidavits and the cross-examinations of affiants on both sides—so fully that it is to be regretted that the whole matter cannot be finally determined in this

court at the present time. The consideration which I have given to this conflicting testimony leaves me in no doubt but that, if the complainants' claim of right were susceptible of determination here and now, it must needs be determined in their favor. They have the clear weight of the evidence, and they have the apparent probability of success on final hearing, i. e., in the law court. Moreover, there had admittedly been a user of this road without objection for some eighteen years, at least. (It also appears that the present obstruction is the result of personal pique or revenge by the defendants' principal stockholders against one of the complainants, and that the defendant itself has not legal title to the fee in the roadbed. While these facts are not strictly material, or would not be if complainants have no rights to use the road, nevertheless, they are of moment in determining the weight to be accorded to the testimony of some of the affiants.)

It also satisfactorily appears from consideration of these depositions that complainants (assuming their right) will suffer irreparable injury by defendant's obstruction of the road. They will suffer loss of many thousands of dollars, a damage that cannot adequately be ascertained or measured in a suit at law. The defendant's claim that there are other roads which could be utilized by complainants and thus avoid loss, is not sustained by the facts as I find them. It is true that there are other roads, but these are so different in length and grades as to make them impossible of use by complainants without turning their prospective and probable profits into great loss.

Again, the showing made on this motion as to the assets of the defendant company is such as to indicate that defendant would be utterly unable to respond in damages, even if they could be adequately ascertained, to the amount of the loss which its action (if not restrained) must cause these complainants.

Lastly, there is the further element of public interest to be considered. The contracts which complainants are engaged in performing by the use of this road are subcon-

tracts involved in the carrying out of a large and important public work, the construction by the state highway commission of the bridge across the Raritan river between South Amboy and Perth Amboy. While, of course, this construction would not be stopped or prevented by the permanent closing of this road, it is clear that considerable delay would in all probability be caused. This is an added reason for the issuance of the restraint pending suit.

The temporary restraint will therefore be decreed; but since it appears that some actual damage will probably be caused to the road by the complainants' user, complainants will be required to give bond to defendant in the sum of five thousand dollars ($5,000), conditioned to pay to it such damage (if any) as it may have sustained by the use of this road by complainants subsequent to the filing of the bill, if it shall hereafter be finally determined that com plainants are not entitled to the relief prayed for.

Costs will abide the final decree.