THE ROCKAWAY ROLLING MILL

*v.*

THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD
COMPANY and the MORRIS AND ESSEX RAILROAD COM-
PANY.

[Decided October 15th, 1928.]

1. In a suit brought by the complainant against the defendant rail-
road company for a mandatory injunction compelling the defendant
to remove obstructions erected at a crossing over the defendant's right
of way, where the complainant's right of easement in a private road
over the right of way is in dispute, the establishment by the com-
plainant of the right to the easement in a court of law is necessary
to justify the granting of a permanent injunction.

2. Where the defendant railroad, by closing complainant's private
road crossing over its tracks, entirely cut off complainant's only means
of access to and egress from its manufacturing plant, continuance of
which obstruction would practically destroy complainant's business, a
preliminary injunction requiring the removal of the obstruction was
properly granted, particularly where the removal of the obstruction
*pendente lite* would work little, if any, harm to the defendant.

On appeal from an order in chancery advised by Vice-
Chancellor Fallon.

*Mr. Frederic B. Scott,* for the appellants.

*Mr. Edward P. Stout,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The complainant is the owner of a tract of land in the
township of Rockaway, which is bisected by the defendant
railroad companies' right of way. A large manufacturing
plant has been erected upon a portion of the tract lying west

of the right of way, and is being operated by the complainant. The only means of access to and egress from the complainant's plant is a private road, or wagonway, leading therefrom over and across the defendants' right of way, and then through the remaining section of the complainant's tract to a public highway. In February, 1927, the railroad companies erected a fence on each side of their right of way at the point where the complainant's private road crossed it, completely blocking it. In this situation the present bill was filed. By it the complainant seeks a mandatory injunction compelling the defendants to remove the obstructions to the crossing over its right of way and restoring it to its original condition, basing its claim to this relief upon the averment that it has a permanent easement of way over the defendants' railroad at this point. The defendants answered the bill, denying the existence of the alleged easement and asserting that the crossing over their right of way was merely permissive, and that the license granted by them had been legally revoked for good and sufficient cause.

Upon the filing of the answer an application was made by the complainant to compel the defendants to restore the crossing *pendente lite,* and the vice-chancellor, after hearing the application, upon *ex parte* affidavits submitted by the respective parties, signed an order directing the issuance of a preliminary mandatory injunction requiring the defendants to immediately restore and keep in repair pending the litigation a suitable wagonway, or crossing, over their railroad substantially as the same existed prior to February, 1927. The order further provided that the complainant should have liberty within two weeks from the date thereof to institute a suit at law against the defendants for a determination of the right of easement claimed by it, and that, upon failure to institute such suit within the prescribed period, the defendants might apply for a dissolution of the injunction and a dismissal of the bill of complaint. From this order the defendants have appealed.

A large part of the argument submitted to us is devoted to a discussion of the question whether, by the affidavits sub-

mitted to the vice-chancellor, a permanent easement of cross-
ing over the defendants' railroad was shown to exist in the
complainant, or whether its right of crossing was merely per-
missive, subject to revocation at the will of the defendants.
But this matter is not before us for determination, the vice-
chancellor having very properly refused to decide it; con-
sidering that the relative rights of the parties in this respect
should be tried out and determined in a court of law, and
that the injunction should issue pending the determination
of the existence, *vel non,* of the complainant's alleged ease-
ment.    That he was justified in refusing to pass upon the
underlying question in the case is clear.    It is entirely set-
tled that, when the fundamental right on which the com-
plainant prays equitable relief is the legal title to an easement
in lands of the defendants, and that right is in substantial
dispute, the establishment of the right at law is necessary
to justify the interference of a court of equity.    *Todd* v.
*Staats, 60 N. J. Eq. 507; Imperial Realty Co.* v. *West Jersey
and Seashore Railroad Co., 79 N. J. Eq. 168.*

The only other matter argued by counsel for the appellants
is that, pending a determination of the validity of com-
plainant's claim, a preliminary mandatory injunction should
not have been granted, under the facts heretofore set out.
We have already called attention to the fact that, by the clos-
ing of this crossing, the complainant's access to and egress
from its plant is entirely cut off.    That this condition, while
it exists, is practically destructive of the complainant's busi-
ness seems to us plain, and, this being so, the granting of the
preliminary mandatory injunction was proper, particularly
when it is considered that the temporary removal of the fences
*pendente lite* can work little, if any, harm to the defendants.
In the case of *Bailey* v. *Schnitzius, 45 N. J. Eq. 178, 183,* this
court, after pointing out that the relief sought was the re-
moval of an obstruction to an alleged easement, erected and
kept as a means of preventing the enjoyment thereof, de-
clared that a preliminary mandatory injunction might prop-
erly be allowed, pending the final determination of the cause,
to compel the removal of the obstruction where its continu-

ance would necessarily result in extreme or very serious damage to the complainant. To the same effect is the later case of *McCran* v. *Public Service Railway Co., 95 N. J. Eq. 22, 28,* where the earlier authorities in support of this principle are cited.

For the reasons indicated, we conclude that the order under review should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.