The matters sub judice are (1) an order, based on petition, requiring the defendant to show cause why he should not be adjudged guilty of contempt of this court for having violated and disobeyed the requirements of a final decree bearing date April 23d 1928, and the injunction contained therein; (2) a motion, based on notice and affidavit (the defendant relying on the same affidavit filed by him in the contempt proceedings) for an order to vacate the aforesaid decree. The complainants' bill, filed August 30th, 1926, alleges ownership of parcel of land therein described, together with an easement of right-of-way appurtenant thereto. It alleges also defendant's ownership of a parcel of land adjoining the property of complainants, that the defendant was interfering with and obstructing the aforesaid right-of-way and by divers means violating complainants' right to the use thereof as a means of entrance to and exit from their premises. An easement is a right, distinct from ownership, to use in some way the land of another, without compensation. Kutschinski v.Thompson, 101 N.J. Eq. 649, 656. The right to a fee and the right to an easement in the same estate are rights independent of each other, and may well subsist together when vested in different persons. Each can maintain an action to vindicate and establish his right, the former to protect and enforce his seizin of the fee, the latter to prevent a disturbance of his easement.Burnet v. Crane, 56 N.J. Law 285, 287. The complainants' *Page 456 
bill contains a prayer for an injunction to protect their interest in and to said right-of-way, and that defendant pay to them as damages such amount as required to be expended by them in clearing such right-of-way of the obstructions and refuse material placed thereon by the defendant. The defendant's answer, filed September 29th, 1926, contains several separate defenses, among which — "that title of complainants to any right-of-way is disputable and questionable, and that the complainants should first establish their title to the said right-of-way in an action at law," and "that on or before the time set for the final hearing, the defendant will move to dismiss the bill of complaint, or to hold the said bill of complaint until such time as the complainants shall establish their title in an action at law." Subsequently an order was made by this court which reads in part as follows: "It appearing from the pleadings filed in this cause that the title to the lands described in the bill of complaint as a right-of-way claimed by the complainants, which complainants allege defendant has obstructed, is denied by said defendant, and application being made by Ward G. Berry, solicitor for complainants, and notice thereof having been given to Greenberg Greenberg, solictors for the defendant, it is on this 20th day of May, 1927, ordered that the bill of complaint in this cause be retained * * * with liberty to the complainants * * * to proceed at law to try the title to said lands and premises as they may be advised; and that if complainants shall commence such action and proceed at law * * * all further direction be reserved until after such trial at law * * *." Said order was not appealed from or otherwise questioned. Subsequent to the making of said order the complainants instituted an action at law (ejectment suit) against the defendant in the Bergen county circuit court. The defendant interposed a defense thereto, denying the allegations of plaintiff's complaint, and, by way of separate defenses, alleged substantially the same separate defenses set out in the answer filed in this court. The suit resulted in a judgment in favor of the plaintiffs and against the defendant, thereby *Page 457 
establishing the legal right of the complainants to the right-of-way in question. The defendant did not appeal from such judgment or otherwise question same. All defenses existing anterior to the judgment will be regarded as having been conclusively determined in the court where such judgment was entered. Smith v. Swart, 103 N.J. Law 150. Thereafter, upon notice to the solicitors of the defendant, application was made to this court for the relief sought by the complainants' bill. Annexed to and made part of said notice, which was returnable April 16th, 1928, was a copy of the proposed decree. By order bearing date April 16th, 1928, which appears to have been made upon the consent of the solicitors of the complainants and defendant, the time for the presentation of such proposed final decree was continued to April 23d 1928. On the latter date the solicitors of the defendant did not appear, and the proposed decree was advised by a vice-chancellor and signed by the chancellor. By what means this court was apprized of the law court proceeding and the result thereof does not appear from the file herein, but it is quite immaterial considering that the parties themselves were fully aware of the particulars thereof. Furthermore, the affidavit filed by the defendant in the mattersub judice evidences that the right-of-way in question, complainants' right to which was established by the law court, was obstructed as claimed by the complainants, and it therefore became the duty of this court to grant the relief prayed. Procedure therefor is indicated in Delaware, Lackawanna andWestern Railroad Co. v. Breckenridge, 56 N.J. Eq. 595. The file herein discloses that there were several procedural irregularities in the above-stated cause. The defendant cannot now complain thereof. Objection thereto should have been timely. Defendant now claims that because there was no reference of the cause (see rule 130) to the vice-chancellor who advised the decree (and such appears to be the fact), the decree is void. Such claim is untenable. If there was any merit whatever to such claim the objection could readily be overcome by the chancellor now making an order of reference nunc pro tunc. The decree *Page 458 
was signed by the chancellor. It is the decree of this court. It is incomprehensible to me that counsel for the defendant should now urge, as he does, and upon notice, basing his argument upon defendant's ex parte affidavit filed March 17th, 1930, intended as a response to contempt proceedings instituted against the defendant, that the final decree should be vacated for the reasons advanced. If such practice should be countenanced or regarded as tenable it would not only be novel, but it would result in utter disregard of a decree entered approximately two years ago. All power of this court over its orders and decrees ceases upon the expiration of the time fixed by law for the taking of an appeal. The rule of law above stated is qualified by certain exceptions such as newly-discovered evidence or where some special equity appears, such as fraud or the like. 1 Comp.Stat. 1910 p. 450 § 111; Mitchell v. Mitchell, 97 N.J. Eq. 298; Watkinson v. Watkinson, 68 N.J. Eq. 632; In re Roberson,95 N.J. Eq. 672; Nash v. Leiderman Nash Building Co.,103 N.J. Eq. 287; Grant Inventions Co. v. Grant Oil Burner Corp.,104 N.J. Eq. 341. Upon the expiration of time limited by law for appeal the rights of the complainants under the aforesaid decree became vested. Smith v. Walton, 96 N.J. Eq. 421. Aside from the fact that the defendant's application to vacate the decree is untimely, and that the complainants' rights under said decree have become vested, the procedure inaugurated in the instant case to effectuate the purpose contemplated by defendant is clearly erroneous. An application to vacate a final decree after the time to appeal has expired, should, under modern practice, be bypetition. Mitchell v. Mitchell, supra. Even though I were of the opinion that the decree in question was improper because of reasons urged in behalf of the defendant, I would not be warranted in advising the vacating of said decree. In West NewYork Improvement Co. v. Town of West New York, 88 N.J. Eq. 571
(at p. 572), our court of errors and appeals said: "We confess a moderate degree of surprise that a vice-chancellor should undertake to set aside the solemn decree of the court of *Page 459 
chancery which had not been appealed from, and still remained in full force and effect, simply because he thought it should never have been made. Such a proceeding amounts to the exercise by the vice-chancellor of an appellate power to review all the decrees of the chancellor, however ancient, which do not comport with his view." The principle applicable to vacating a decree applies also to vacating an order of this court. In Nash v. Leiderman andNash Building Co., supra, the court of errors and appeals considered the question as to whether the court of chancery has the power to alter an order made by it which fixes the status and the rights of the parties interested in the subject-matter thereof by merely making at a subsequent time, and after the time within which an appeal may be taken from the order has expired, a new order upon the same subject-matter which materially alters the former order. The court said: "If this be within the province of the court of chancery, then there is no finality to any order which the court can make, for, if an order can be made modifying an order made two years and three months prior thereto, an order of modification could as well be made ten or twenty years subsequent to the making of the original order. If this be the law, the right accorded a party by a former order would never be secure. A party could, after years of diligence in the prosecution of a claim, as in the present case, be deprived of the benefits reserved to it in a former order. The same principle which applies to a decree of the court of chancery applies to an order of said court." It is urged by counsel for the defendant that neither this court nor the law court had jurisdiction of the subject-matter before such tribunals. No such question was heretofore urged in behalf of the defendant either in the law court on in this court. It cannot be urged now even though it were meritorious if urged timely. Jurisdiction is "the right to adjudicate concerning the subject-matter in a given case."Munday v. Vail, 34 N.J. Law 419. When the subject-matter of a suit is not within the jurisdiction of a court the appearance and submission of parties will not prevent their afterwards questioning such jurisdiction, on *Page 460 appeal. And it will not prevent their questioning same in contempt proceedings. Dodd v. Una, 40 N.J. Eq. 672. When the subject-matter of a suit is within the jurisdiction of a court, the appearance and submission of parties will prevent their afterwards questioning it, except by rule to show cause or appeal in law courts, and by appeal in this court. It appears to me that the form of the action at law makes no substantial difference whatever when it is considered that the real question for determination — complainants' legal right to the use and enjoyment of a right-of-way — was established. Notwithstanding the form of the action tried by the parties on pleadings upon which an issue was framed the judgment entered therein established the legal rights of the parties and is resadjudicata. And it remains a final judgment until reversed.State, Flaucher v. Camden, 56 N.J. Law 244; State v. Toth,86 N.J. Law 247; Handwerk v. Guttenberg, 92 N.J. Law 181, 182.
It cannot be seriously urged that the circuit court was without jurisdiction to determine the legal rights of the complainants and defendant to the right-of-way in question by an appropriate form of action. Section 23 of the Practice act of 1912 provides that no suit in any court of common law shall fail or be dismissed on the ground that the plaintiff or other party therein has mistaken the remedy or procedure, if the court in which the matter is pending shall have jurisdiction to grant the proper remedy by any procedure; but in such case, the court shall, upon terms, order the writs, pleadings and other proceedings to be so amended, or new writs, pleadings or other proceedings to be respectively so issued, filed or taken, that the court may completely and finally hear and determine the whole matter in controversy between the parties and grant the proper remedy. Section 24 of said act provides that in addition to the powers of amendment, the court may, upon terms, permit, before or at the trial, the statement of a new or different cause of action in the complaint. Under former practice in law courts a different cause of action could not be stated by way of amendment. Doran v.Thomsen, 79 N.J. Law 99. The litigants may *Page 461 
have erred in the form of action and in the procedure followed in this court and in the law court. This court and the law court may have erred in judgment. It is to correct such error as may occur from time to time in procedure and by the judgments of judicial tribunals that appellate tribunals are established. Our court of errors and appeals has been constitutionally established therefor. If tribunals such as our court of chancery, supreme court, circuit court and inferior courts were infallible, there would be no need for our court of errors and appeals. InHagerty v. Lee, 48 N.J. Eq. 98 (at p. 101, bottom), it is said: "Equity follows the law. It has no intention, nor even desire, to enlarge the boundaries of its jurisdiction. It may err in judgment, and if it did not, there would be no occasion for a higher tribunal to overcome such imperfection of judgment." InSimon v. Henke, 102 N.J. Eq. 115; 139 Atl. Rep. 887, I indicated that a court of equity cannot correct an alleged error of a court of law or aid a party in difficulty through his own negligence. Where a defendant challenges the jurisdiction of this court to determine a question of right-of-way in lands, the court is authorized to direct the parties to a law court for the determination of such question, meanwhile retaining the bill.Rockaway Rolling Mill Corp. v. Delaware, Lackawanna andWestern Railroad Co., 101 N.J. Eq. 192, 200; affirmed, 103 N.J. Eq. 297; 149 Atl. Rep. 384; P.L. 1915 p. 184 § 8; Sayre Fisher Land Co. v. R.U. Rue Co., 2 N.J. Mis. R. 1081;128 Atl. Rep. 862. The attempt of the defendant herein to review by anotice of motion and ex parte affidavit of the defendant the merits of the case respecting the respective rights of complainants and defendant as to a right-of-way in lands, submitted to and determined by the Bergen county circuit court, and the proceedings in this court with respect to complainants' right for injunctive relief against the defendant with respect to such right-of-way preceding and subsequent to the making and entry of the decree now sought to be vacated, is untenable. The trial and judgment at law must be regarded by this court as establishing the respective rights of the litigants *Page 462 
to the right-of-way which was the subject-matter of the litigation in the suit at law, and conclusive thereof. The final decree made herein after report (howsoever made) of the proceedings in the law court and the judgment entered therein must be regarded as res adjudicata. The complainants should not be subjected to further litigation with respect to matters heretofore litigated and determined. As indicated in Putnam v.Clark, 36 N.J. Eq. 33, 37, the case sub judice is one to which is applicable the principal of the maxim which declares the policy of restraining litigation within reasonable limits. InBonnell v. Meeker, 82 Atl. Rep. 49 (not officially reported), this court held that an owner who brings a bill to establish his right-of-way in an alley, and for an injunction against its obstruction, and who is required by defendant to establish his title in an action at law, pending the bill, is entitled, after establishing his title, and during a continuance of the obstruction, to a perpetual injunction to prevent a recurrence of the obstruction. In the cited case it appears that the cause was directed to stand over in this court for the purpose of allowing complainant to establish his title at law. The judgment at law was for the plaintiff, thereby establishing his right-of-way. Upon report thereof to this court a decree was advised formally declaring complainant's right, with directions for an injunction against future infringement, and a mandatory injunction requiring the removal of the obstruction. In Todd v. Staats, 60 N.J. Eq. 507,
the court of errors and appeals held that when the fundamental right, on which the complainant prays equitable relief, is the legal right to an easement in lands of the defendant, and that right is in substantial dispute, the establishment of the right at law is necessary to justify the interference of a court of equity. And if the complainant's bill prays affirmative relief, based on the existence of such a right, and the right is denied by the answer, it is proper for the court of chancery to retain the cause until the complainant has had reasonable opportunity to establish his title at law. See, also,Mason v. Ross, 77 N.J. Eq. 527. Where a cause is allowed to stand over, with leave to bring an action or directing an *Page 463 
action at law, and the action be prosecuted in compliance with the practice and procedure in ordinary actions at law, the proceedings are reviewable. The means of review under present practice in the law court would be by rule to show cause or appeal, and in this court by appeal. The judgment entered at law must be accepted in this court as a finality, and if by such judgment a title to a right-of-way has been satisfactorily determined this court when required will interpose to put an end to further litigation. American Dock and Improvement Co. v.Trustees for Public Schools, 37 N.J. Eq. 266. If it be the fact, and be regarded as significant, that the record of the law court proceeding was not appropriately brought to the attention of this court upon the making of the decree in question, I cannot perceive of any substantial objection to such record being now filed with the clerk of this court, and if such be done it will clarify the record in this court with respect thereto. Where an action at law is directed (as distinguished from an issue framed by this court for the law court) and the cause is retained in this court pending proceedings at law, the court of chancery in declining to review any alleged error in the proceedings in the law action, does so, not because the party is not entitled to any review before final decree is made, but because the right to review is given by appropriate proceedings at law and should be there pursued. Counsel for the defendant urges that the defendant should not be adjudged in contempt, as prayed by complainants, because, as he alleges, this court was without jurisdiction to make the decree upon which the contempt proceedings are based. InForrest v. Price, 52 N.J. Eq. 16, this court says it is no excuse for contempt of an order of the court that the order is founded on error of law or fact; that the error must be questioned by direct proceedings to review the order, not by disobedience; but, the contemner of an order of the court may show, in defense, that the court was without jurisdiction to make the order disobeyed, and hence that there was, in legal effect, no order. As stated on page 23 of the cited case: "When a person is proceeded against for disobedience to an order or *Page 464 
judgment, he cannot allege in defense that the court erred in that order or judgment. To be successful he must go further and make out that there was, in legal effect, no order, by showing that the court had no right to judge between the parties upon the subject." In Dodd v. Una, supra, it was held that jurisdiction of the court of chancery to make the order therein considered might be questioned in the proceedings taken in such court to punish for disobedience of the order. Recognizing such to be the well-established rule of law, nevertheless, in view of my conclusions herein, the question of jurisdiction will be resolved against the defendant herein. It will therefore be necessary that the defendant be tried on the allegations of his having contemned the decree aforesaid. Counsel may arrange with the court therefor. I will advise an order denying the defendant's motion to vacate the aforesaid decree. *Page 465