Complainants' application to strike defendant's answer and amended answer, and to restrain defendant's action in ejectment, was heretofore determined by me adverse to complainants, but no order was entered thereon because complainants' solicitor applied for and was granted a rehearing with leave to submit additional proofs; and leave was also granted defendant's solicitor to submit additional proofs. Additional proofs were submitted, read and considered, and arguments of counsel were heard and considered. I adhere to the determination heretofore made, and will advise an order denying the application of complainants. In view of the fact that an amended answer was filed herein I have deemed it unnecessary to consider the objections urged to the original answer filed. The grounds urged for striking the amended answer are: (1) that it was improvidently filed; (2) that the defendant is barred and estopped from filing such answer because of a stipulation filed in the cause; (3) that the amended answer is "otherwise contrary to law and equity." As to the first grounds urged, I adjudge that the amended answer was not improvidently filed; it was filed with leave of the court in the proper exercise of the court's discretion. As to the second grounds urged, I adjudge that the legal effect of the stipulation mentioned may be determined only on final hearing. As to the third grounds urged, I adjudge that the amended answer is not "otherwise contrary to law and equity." Such an objection is too general, and, lacking in specification, does not warrant judicial consideration. In addition to the matters mentioned in complainants' notice of application to strike the amended answer, and to restrain defendant's action in ejectment, complainants' solicitor urged in argument that defendant has no rights in and to the lands which are the subject of dispute between the litigants *Page 54 
herein, and that whatever rights defendant may have had therein were divested by means of proceedings instituted and prosecuted by complainants under authority of chapter 52 of the laws of 1927, and that defendant having annually assessed the disputed land for purposes of taxation estops defendant from denying complainants' claim in the premises, and that the court is limited in the matter sub judice to the determination of the constitutionality of the statutory enactment aforesaid. This court cannot in the matter sub judice pass upon the constitutionality of said act. It was urged in behalf of the defendant that the aforesaid enactment is inapplicable to the instant case, and that there are no allegations in complainants' bill upon which may be predicated their claim of divestiture of defendant's right in and to the land forming part of the alleged street in question. Complainants' bill appears to have been filed to obtain a decree to quiet title to certain land fronting lands title to which was acquired by them from Maria Harding and George Harding, her husband, by deed dated March 12th, 1924, described therein as beginning at the intersection of East Fortieth street and Avenue E, one of the lots being designated as lot No. 8 in block 132, and the other as lot No. 1 in block 139, on the official assessment map of the city of Bayonne. Complainants argue that East Fortieth street is merely a paper street and that the defendant had not prior to the filing of their bill of complaint herein accepted a dedication thereof. Where, as in the case sub judice, a deed refers to the lands conveyed by lot and block number as designated on an official assessment map of the city, and also describes such lands as beginning at the intersection of certain streets named in the deed, such recital estops the grantee from denying the city's right in and to such streets, and also estops such grantee from claiming that a dedication of either of such streets was not accepted by the city. To cite the numerous authorities sustaining the rule of law above stated would serve no useful purpose herein. It will suffice, in my judgment, to cite the case of Eddy v.Inhabitants of Plainfield, *Page 55 6 N.J. Mis. R. 263, in which is cited State, Central RailroadCompany of New Jersey v. City of Elizabeth, 37 N.J. Law 432;City of Camden v. McAndrews Forbes Co., 85 N.J. Law 260;Tweddell v. Village of South Orange, 95 N.J. Law 327. See, also, McElroy v. Borough of Fort Lee, 46 Fed. Rep. (2d ed.)777, and cases cited (at p. 780). In Tweddell v. Villageof South Orange, supra, it was held that the recognition of a street by a description in a deed is as conclusive as if the street was dedicated by a map. The defendant herein not only claims that it has accepted the dedication of the land in dispute as and for a public street, but that it has manifested its acceptance thereof by an action in ejectment instituted against complainants. There can be no reasonable dispute of defendant's right of action in ejectment for lands dedicated to a public use for a street. Hoboken Land and Improvement Co. v. Mayor, c.,of Hoboken, 36 N.J. Law 540. In Atlantic City v. Groff,64 N.J. Law 527, it was held that the commencement of an action in ejectment is plenary evidence of the city's acceptance of dedication. See, also, to the same effect, Inhabitants of theTownship of Hohokus v. Erie Railroad Co., 65 N.J. Law 353 (atp. 362); Tweddell v. Village of South Orange, supra.
Acceptance by a formal adoption by municipal authorities or by public user is necessary to impose upon the municipality the duty to repair the street accepted, but is not essential to the consummation of the dedication so as to cut off the owner from the power of retraction or subject the dedicated lands to the public use, whenever, in the estimation of the municipal authorities, the wants or convenience of the public require it for that purpose. Hoboken Land and Improvement Co. v. Mayor,c., of Hoboken, supra (at p. 545). The exercise of the public right of actual possession and dominion over public streets may be suspended and lie dormant until such time as, in the judgment of the proper legal authority, public exigencies require their possession and use. City of Long Branch v. Toovey,104 N.J. Law 335. In the latter case it was held that once the legal status of a street *Page 56 
dedicated to public use attaches and becomes factually established, the dedication becomes irrevocable, unless the concession be expressly rejected by the lawfully constituted authorities. The complainants herein aver that they are in peaceable possession of the portion of land fronting the lands particularly described in their deed by lot and block number with reference to city assessment map, which defendant claims right to as a public street. The rights of the respective parties cannot be determined in the matter sub judice or in limine. Todd v.Staats, 60 N.J. Eq. 507; Imperial Realty Co. v. West Jerseyand Seashore Railroad Co., 79 N.J. Eq. 168; Rockaway Rolling MillCorporation v. Delaware, Lackawanna and Western Railroad Co.,101 N.J. Eq. 192, 198; affirmed, 103 N.J. Eq. 297; Oddo v.Saibin, 106 N.J. Eq. 453. It is well established that no right can be obtained against the public in dedicated lands by adverse possession. Price v. Inhabitants of Plainfield,40 N.J. Law 608. Lapse of time, however long the public right in a street is suspended, though coupled with an user by the owner, which would otherwise be adverse, will not make title by prescription against the public. Hoboken Land and Improvement Co. v. Mayor, c., ofHoboken, supra; Dodge Bliss Co. v. Mayor, c., of JerseyCity, 105 N.J. Eq. 545, 554. With respect to lands dedicated and utilized for public streets, the ownership, for all substantial purposes, is in the public. Nothing remains in the original owner but the naked fee, which, on the assertion of the public right, is divested of all beneficial interest. Hoboken Land andImprovement Co. v. Mayor, c., of Hoboken, supra (at p.551). The right to a fee and the right to an easement in the same estate are rights independent of each other, and may well subsist together when vested in different persons. Each can maintain an action to vindicate and establish his right, the former to protect and enforce his seizin of the fee, the latter to prevent a disturbance of his easement. Burnet v. Crane,56 N.J. Law 285, 287; Oddo v. Saibin, supra. Complainants' claim, hereinabove referred to, that defendant has annually assessed *Page 57 
the land in question for municipal taxes which have been paid by complainants, estops defendant from claiming said land as a public street, is untenable. In Tweddell v. Village of SouthOrange, supra, it was held that annual taxation by municipal authorities of land dedicated to public use as a street does not create an estoppel against a subsequent acceptance of such dedication. It is questionable indeed as to whether defendant herein can be divested of its rights in and to the land in question, usable by it as and for a public street, in the manner resorted to by complainants, or be divested of its right therein by the stipulation aforesaid. The defendant, a municipal corporation, is merely a trustee of the public in and to its city streets, and cannot be deprived thereof, nor divest itself of its rights therein except by appropriate action of its governing body, founded on legislative authority therefor. The city attorney himself, who is a charter officer of the defendant, could not by means of the stipulation aforesaid effect a divestiture of defendant's rights in and to the property in question without having been duly authorized by the defendant's governing body to so stipulate. Schumm v. Seymour, 24 N.J. Eq. 143,
clearly expresses the well-established rule of law that the affairs of a corporate body can be transacted only at a corporate meeting; and that its legislative and discretionary powers can be exercised only by the coming together of the members who compose such body, and that the corporate body can do no valid act except as a board, and such act must be by ordinance or resolution, or something equivalent thereto. See, also, Holcombe v. TrentonWhite City Co., 80 N.J. Eq. 122; affirmed, 82 N.J. Eq. 364. In view thereof I do not appreciate how complainants may reasonably urge as they do herein that an assistant to the city attorney could by stipulation deny or waive defendant's rights in and to the disputed land. It is a maxim of the law that delegated power cannot be delegated, that the delegate cannot delegate, and that although the delegate may use others in the accomplishment of particular transactions which it directs, it cannot grant to the discretion of others *Page 58 
that which was entrusted to its discretion. Such maxim is particularly applicable to a municipal corporation. The case ofWest New York Improvement Co. v. Town of West New York,88 N.J. Eq. 571, relied upon by complainants as authority for their claim that the aforesaid stipulation is binding upon defendant is, in my judgment, clearly distinguishable from and inapplicable to the instant case. It is urged in behalf of complainants that because their bill of complaint was filed to quiet title to the land lying within the lines of the alleged paper street known as East Fortieth street under "An act to compel the determination of claims to real estate in certain cases, and to quiet title to the same" (4 Comp. Stat. p. 5399), this court must retain jurisdiction of the cause of action set up in complainants' bill, and may not permit defendant to have the question of defendant's rights in and to the land in question determined in a law court in its action in ejectment. I am not in accord with complainants in such respect. In Hagerty v. Lee, 48 N.J. Eq. 98 (at p.101 bottom), it is said: "Equity follows the law. It has no intention, nor even desire, to enlarge the boundaries of its jurisdiction." The amended answer filed in behalf of the defendant setting forth, as it does, a right in defendant to the land in dispute between the litigants herein entitles the defendant, as hereinabove indicated, to have an issue at law for the settlement of such dispute. The very object of complainants' bill is to compel the defendant to take the affirmative and to bring an appropriate suit and therein set forth its claim to the land in question. Section 5 of the Act for the Quieting of Titles, c., supra; Fittichauer v. Metropolitan FireproofingCo., 70 N.J. Eq. 429, 431, 432, 436. *Page 59