The circumstances provocative of the present proceeding can be stated concisely. The solicitor of the complainant in a cause now pending in this court desired to elicit the testimony de beneesse of the respondent as a witness. To that end he undertook to pursue the statutory expedient. N.J.S.A. 2:100-10, et seq. The solicitor, however, obtained from the master before whom the examination was contemplated, a summons which was addressed to, and duly served upon, the respondent. The respondent is a lieutenant in the United States Navy and was then engaged in a course of instruction at Princeton. He did not appear before the master in obedience to the command of the summons. In this, he was evidently governed by the advice of his solicitor who resolved to attend and acquaint the master with the reasons for the absence of the witness. It appears that the master initially declined to afford the representative of the witness an opportunity to be heard. The denial by a judicial officer of this simple privilege of explanation is emphatically disapproved. A message on behalf of an absent witness which is respectfully communicated should always be received and considered. Upon the recommendation of the master, an order was made obliging the respondent to show cause why he should not be attached for contempt for his alleged disobedience of the summons. *Page 124 
The respondent has respected the order to show cause and proclaims his innocence of any contumacious intention. In defense, his counsel challenges the authoritative efficiency of the summons issued by the master in the existing conditions.Forrest v. Price, 52 N.J. Eq. 16; 29 Atl. Rep. 215; affirmed,53 N.J. Eq. 693; 35 Atl. Rep. 1130; Oddo v. Saibin, 106 N.J. Eq. 453,463; 151 Atl. Rep. 289. The point is impressive because if the master was without authority to issue a summons for the court to require the appearance of the respondent, the latter cannot be penalized for his failure to obey the request. Dodd
v. Una, 40 N.J. Eq. 672; 5 Atl. Rep. 155; Kempson v. Kempson,63 N.J. Eq. 783; 52 Atl. Rep. 360.
It must be recognized that the respondent is not a party to the pending litigation. The purpose was to examine him as a witness. No branch of the case had been referred to the master.
The irrelation of Chancery Rules 184, 190 and 230 is at once discernible. The respondent was not a party or adverse party to the cause. Moreover, Rules 184 and 232 prescribe the practice in proceedings before a master to whom a reference has been made. There was none such here nor was one required.
Rule 98 ordains:
"In order to compel the attendance of witnesses who reside in this State before any Vice Chancellor, Advisory Master orMaster for the purpose of giving evidence in a cause depending in the court, a subpoena may be issued by the clerk upon request of any complainant or defendant, or his solicitor, with a blank for the names of the witnesses to be filled up by the party procuring the same, as occasion may require, commanding the attendance of the witnesses before the officer therein named, at the time and place therein expressed; * * *" (Emphasis supplied.)
The pertinent section of the statute pursuant to which the respondent was to be interrogated (N.J.S.A. 2:100-12) provides:
"Any material witness described in section 2:100-10 of this title, being in this state, may be compelled to appear and be examined before any of the officers mentioned in said section 2:100-10, in the *Page 125 same manner and under the same penalties as if subpoenaed to appear and testify in the court wherein the action or indictment is pending. * * *." (Italics supplied.)
Of course, every writ or process issuing out of the Court of Chancery for the appearance of a party to the cause must be signed and sealed by the clerk. N.J.S.A. 2:29-17. Subpoenae adtestificandum are likewise signed and sealed.
In Snegon v. Consolidated, c., Insurance Co., 117 N.J. Eq. 325,331; 175 Atl. Rep. 785, Vice-Chancellor Buchanan observed: "The statute (General Corporation Act) does not prescribe the method by which the receiver shall or may procure the presence before him of the witnesses and records. The method of subpoena, here used, is not questioned. It is the method which has been commonly used for so many years, and seems clearly to be appropriate and proper." See, also, practice prescribed in discovery. N.J.S.A. 2:29-114.
My attention has not been directed to any decision of this court decisive of the procedural problem here presented. The prospect that the respondent soon will be enrolled for service at sea, suggests the desirability of a prompt determination of the present proceeding. A somewhat limited exploration of the authorities convinces me that a subpoena ad testificandum was the appropriate and only efficacious process to have been employed to compel the involuntary attendance of the respondent as a witness before the master. The inquiry is, can a witness be disciplined for the failure to comply with the directions of a mere summons from a master in the circumstances here disclosed? Has he thus disrespectfully repudiated a command of the court?
The following excerpts taken from Hoffman's Masters inChancery (pp. 47, 48) are expressive and declaratory of the rudimentary practice which must be esteemed until remodeled in such particular by statute or rule:
"It is a usual practice of our Masters to issue a summons in the nature of a subpoena, requiring the witness to appear and testify what he knows in the matters in reference, c. This is signed by the Master.
"Undoubtedly, however, an attachment could not be supported against a witness disobeying this summons. It is a principle to which *Page 126 
I know but one exception, (a subpoena from the sessions,) that a party shall not be brought before a court, but by writ under seal.
 * * * * * * * *
"The party is indeed brought before a Master by a summons, and may on application be committed for default; but this is by the unexpired force of the original subpoena to appear and answer, by which, being brought into court to do and receive what it shall consider in that behalf, he contemns that original command as much, by neglecting to appear before the Master, pursuant to the order of the court, as if he had disobeyed it in the first instance.
"A witness is not bound to attend upon a commissioners summons, and that of a Master is not of higher authority.
"`Phipps and others, being served with a commissioners summons to attend and be examined, neglected it; whereupon an ordernisi was obtained that they should attend at their own expence before the Examiner and be examined. On their shewing for cause, that they had not been served with a subpoena ad testificandum, but only with a summons, Lord Hardwicke discharged the order.'
"`No process of contempt lies upon disobedience of the commissioners summons, no writ under seal being directed to the witness.'"
Of like import are passages to be found in 1 Smith's ChanceryPractice, [*]378; 1 Daniell's Chancery Practice (8th ed.)550, and Henderson's Chancery Practice, 269-272.
The office of examiner of this court has been abolished, and the powers and duties of an examiner are now exercised by the masters. Chancery Rule 183.
It may be acknowledged that a summons signed by a master has been utilized as a pragmatical means of inviting a witness to testify before the master, but no legist meriting deference has noticeably recorded the opinion that a witness could be adjudged in contempt of court for the failure to comply with the terms of a mere summons in such circumstances. An adjudication of contempt may be predicated upon a contumacious disregard of some writ, precept, decree, order or command emanating from the court in the proper exercise of its jurisdiction. Of this, the respondent is not guilty.
Other reasons advocated by counsel for the respondent need not be discussed.
The order to show cause will be dismissed. *Page 127