18 N.J. Super. 234 (1952)
86 A.2d 832
HOFFMAN HARDWARE CO., A NEW JERSEY CORPORATION, FRANCES M. CARTER, GOLDIE BUCKSTEIN, JOHN A. McDONALD, LIVIA DeSIMONE, JOSEPH L. SOLOFF AND FREIDA MILLER, PLAINTIFFS,
v.
JOSEPH S. NAAME, ISABEL D. NAAME, RALEIGH NORTHSIDE REALTY CO., A NEW JERSEY CORPORATION, CITY OF ATLANTIC CITY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND THEODORE D. PARSONS, ATTORNEY-GENERAL OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided February 21, 1952.
*236 Mr. Herbert Horn for the plaintiffs (Messrs. Lloyd & Horn, attorneys).
Mr. Paul M. Salsburg for the defendants Joseph S. Naame, Isabel D. Naame, and Raleigh Northside Realty Co.
HANEMAN, J.S.C.
Plaintiffs herein seek a prohibitory and a mandatory interlocutory injunction to prevent the *237 defendants from the continued construction of, and to force the removal of an obstruction constructed by them at the intersection of an alleged private or public right of way with an admitted public street. Neither the construction of the obstruction nor its effect to prevent entrance to the alleged right of way is denied by the defendants.
The plaintiffs are the owners of various parcels of realty facing Atlantic Avenue, in Atlantic City, New Jersey, the rear lines of which abut the southerly line of realty owned by Raleigh Northside Realty Company and Isabel D. Naame. Upon defendant Raleigh Northside Realty Company's realty there is erected an apartment house. The distance between the southerly side of said apartment house and the northerly line of plaintiffs' properties is some 22 feet. It is over this portion of defendant Raleigh Northside Realty Company's land, in part, and other land owned by Isabel D. Naame, that plaintiffs claim a public or private easement or right of way by prescription.
The plaintiffs' affidavits disclose that since 1903 the occupants of the premises now owned by plaintiffs continuously used the strip in question, or some portion thereof, for vehicular access to their said premises.
The defendants, on the other hand, have submitted affidavits asserting that a railroad track was laid and used by the West Jersey & Seashore Railway on a portion of this strip; that the roadbed was too rough to be used by vehicles, and that there was insufficient space to the north of said tracks adjacent to defendant Raleigh Northside Realty Company's apartment house for use as a right of way. They as well allege that since some time in 1927 or 1928 the occupants of the stores now owned by the plaintiffs obtained permission to use the strip in question. It is to be noted that no dates or names are specified. The affidavit of Joseph S. Naame, in general terms, alleges that some time after 1927 he blocked the passageway at its Indiana Avenue entrance with his automobile and the automobiles of his employees, from time to time, and caused them to be removed at the *238 request of the owners of said stores (no specification of names or dates is given); that the defendant Raleigh Northside Realty Company, its employees, and the railroad company employees, removed vehicles parked in the way of the railroad; that he granted permission to some of the tenants of plaintiffs' premises to use the strip for access to plaintiffs' properties (no names or dates are given).
Nowhere is there a denial that the portion of the tract or strip southwardly of the tracks was used as alleged by plaintiffs.
The affidavits filed by defendants further allege that neither the plaintiffs nor their predecessors in title have used said strip as a right of way for 20 years preceding the filing of the complaint herein.
Generally, to warrant the issuance of an interlocutory injunction, the plaintiff must exhibit a right free from doubt or reasonable dispute. Allman v. United Brotherhood of Carpenters, &c., 79 N.J. Eq. 150 (Ch. 1911), affirmed 79 N.J. Eq. 641 (E. & A. 1911).
Mandatory interlocutory injunctions are sparingly granted and then only where the basic right is very clear. But in a matter involving a disputed question of an easement, the relative conveniences and inconveniences to the parties is one of the principal guides in the determination of whether to grant or withhold an interlocutory injunction. Where, upon balancing such conveniences, it is apparent that irreparable damage is likely to result to the plaintiff and that the inconveniences to defendants is slight, an injunction may be granted to preserve the rights until a final adjudication of the questions involved. The purpose of such a restraint is not for the settling of the rights of the parties, but to preserve the property until the legal title is proved. Rockaway, &c., Corp. v. D., L. & W.R.R. Co., 101 N.J. Eq. 192 (Ch. 1927), affirmed 103 N.J. Eq. 297 (E. & A. 1928).
Although defendants have denied the allegations of plaintiffs, these denials have been more or less categorical. They have failed in a number of particulars where affirmative *239 facts have been alleged, in apparent contradiction of plaintiffs' affidavits, to specify particular dates or persons. They are entirely too general. In addition, it must be self-evident that if the railroad operator was forced to move parked vehicles from its tracks by using its own employees and those of defendants, there must have been some means of ingress to and some vehicular traffic over at least a portion of the strip of land here involved.
Defendants argue that their use of the strip of land was interrupted by particular acts. None of the alleged particulars of interruption were legally sufficient to destroy the continuity of use.
Mere denials of the right, complaints, remonstrances or prohibition of user, unaccompanied by any act which in law would amount to a disturbance and be actionable as such, would not prevent the acquisition by plaintiffs of a prescriptive right of way. Supplee v. Cohen, 81 N.J. Eq. 500 (E. & A. 1913); Lehigh Valley R.R. Co. v. McFarlan, 43 N.J.L. 605 (E. & A. 1881).
Defendants also argue that the plaintiffs could not obtain an easement longitudinally along the railroad "right of way," citing McCran v. Erie Railroad Co., 93 N.J. Eq. 286 (Ch. 1922), reversed on other grounds, 95 N.J. Eq. 653 (E. & A. 1924).
Without passing upon the cited cases, insofar as the principle for which it is referred as an authority is concerned, it should be noted that the foundation of such a principle is that the use must have constituted a trespass. There is nothing present to show by what right the railroad company operated its railroad over the tract here in question. For all that appears, the railroad could have been functioning without any legal right and could itself have been a trespasser. The defendants have exhibited no proof as to either the title or the right of the railroad company. No right of way of the railroad was established from which there could arise a legal conclusion that plaintiffs or their predecessors in title were guilty of trespass against the railroad *240 operator. Dickinson v. D., L. & W.R.R. Co., 87 N.J.L. 264 (E. & A. 1914), holds that the public can get an easement by prescription on railroad property if the property is not being used for railroad purposes.
There is no dispute concerning the affidavit of Isaac Bacharach, which alleges an adverse user from 1903. This affidavit, in and of itself, would have caused the use to have ripened into a private right by prescription by 1923 anterior in time to the earliest alleged denials of right by defendants, i.e., 1927 or 1928.
Defendants further raise objection on the ground that the right of way is not described with sufficient certainty or particularity. An allegation of a private right of way is sufficient if it is described generally so that it can be located. The proof, however, must establish a certain well defined line of travel to permit its location. South Branch R.R. Co. v. Parker, 41 N.J. Eq. 489 (Ch. 1886). Actual courses, as in a survey, are not required. The right of way is sufficiently here described for present purposes.
There appear sufficient verified facts to raise a doubt of the use of any portion of the described strip northwardly of the southerly railroad track for a public right of way.
The balance of the defenses are, upon this application, without merit.
The affidavits of defendants do not raise such doubt or reasonable dispute of a private way as would warrant the denial of the application in toto, but do raise such a doubt or dispute as to a public way. A consideration of the affidavits of the plaintiffs and the defendants make their rights sufficiently clear for the purpose of the present application. Plaintiffs have set forth sufficient facts in their affidavits to establish a prima facie case of an easement of way by prescription in at least that portion of the described realty south of the southerly railroad track. Plaza v. Flak, 7 N.J. 215 (1951).
In addition, upon balancing the conveniences, it is apparent that the plaintiffs may sustain irreparable damage by *241 a denial of the application and the defendants only inconsequential or trivial damage, if any, by a grant of the motion. Accordingly, plaintiffs' application for a prohibitory and mandatory interlocutory injunction of so much of the land as lies south of the location of the southerly railroad track before its removal will be granted, upon the terms that they deposit a sufficient sum to repay defendants for the removal and reconstruction of the barrier in the event this cause is finally determined in defendants' favor.
Judgment will be entered accordingly.